Wilde, J.,
delivered the opinion of the Court. The demandant, to prove her husband’s seisin of the land whereof dower is demanded, proauced at the trial a deed from II. Knox and wife, purporting to convey the same to him in * fee; and if the deed was effectual for that purpose, the husband’s seisin would seem to be sufficiently well established; for, although there was no proof offered of the title of JS. Knox and wife, yet their right was not questioned at the trial, and we understand it as having been admitted by the tenant. He, however, contends that nothing passed by that deed to Small, because he says that Knox and wife were disseised at the time of its execution and delivery. Whether they were so disseised, is the first question to be determined.
Whatever may have been the ancient doctrine of disseisin, in relation to feudal tenures, it has ever been held in this state, thal an entry on vacant or uncultivated land, by one claiming to hold it having no" right, and without permission of the owner, accompaniec with occupation or open visible possession, is sufficient to constitute a disseisin. This principle has been too frequently recognized tc be now controverted. (7) Disseisin does not necessarily imply a forcible entry, or an actual ouster by violence or fraud; for in cases of vacant possessions, a simple tortious entry and open exclusive possession, under claim of adverse title, are equivalent to such entry and ouster. Kent, C. J., says, in the case of Smith vs. Burtis, (8) that it lies with the disseisor to show his entry not congeable. Doubtless, this ought to be made to appear to the satisfaction of the jury; but being a negative proposition, it cannot commonly be proved by positive testimony; it may, therefore, be inferred from circumstances.
Now, in the case at bar, it is very clear that Conant’s entry was not made with permission from Knox and wife ; for it was proved, or admitted, that he had no knowledge of their title until a short time previous to the date of their deed to Small. It therefore suffi *444 eiently appears by the report, that his entry was tortious; it not being pretended that he had then any title giving him the right of entry.
Considering, then, the entry and occupancy of Conant as constituting a disseisin, it remains to be determined whether * it was purged by the agreement between Conant and Small, relative to the purchase of the title from Knox and wife, and the consequent proceedings of Small.
A disseisin may be purged either by the disseisor’s abandonment of the possession, or his consent to hold under the disseisee. But Conant has never quitted possession; nbr does it appear that he ever consented to hold under Knox and wife. There is a wide difference between a proposal to purchase of the owner, and an agreement to hold under him by lease or otherwise. By the agreement between Small and Conant, the former was to have purchased of Knox and wife the land in controversy, for the use of the latter; and if the deed had been made in conformity with that agreement, it would have doubtless purged the disseisin; but it would have passed the legal estate directly to Conant.
We consider, however, the deed to Small, if valid, as vesting the estate absolutely in him, free from any trust in favor of Conant; which certainly is not conformable to the terms of the agreement. Conant’s title, therefore, was not impaired by his agreement with Small. A proposal to purchase, not accepted, will not purge a disseisin.
As to the supposed estoppel, whatever might be its operation in an action against Conant, it cannot bind the present tenant, whose title is independent of the deed from Small. Nothing passed by that deed; so that it could not work on the interest in the land, so as to run with it. Conant, however, was not estopped to deny the seisin of Small. The grantee may be permitted to show that his grantor was not seised, as is every day allowed in actions of covenant.
We think, therefore, that the judge’s direction to the jury was substantially correct; and that the evidence objected to was properly admitted. It is true, we do not agree that, by the deed of Knox and wife to Small, a trust was created in favor of Conant; (a) but that point is immaterial, as nothing passed by the deed.

Judgment on the verdict.

443-9"> 4 Mass. Rep. 416. — 6 Mass. Rep. 229. —14 Mass. Rep. 200.

 6 Johns 197—218.

 Vide Jenney vs. Miden, 12 Mass. Rep. 375. — Runey & Al. vs. Edmands, ante 291, and note.__Smith vs Lane, 3 Pick. 205. — And see Bullard vs. Briggs, 7 Pick 533. — Boyd vs. M’Lean, 1 Johns. Ch. R. 582. — Botsford vs. Burr, ibid. 405.— Sterrell vs. Sleeve, 5 Johns. Ch. R 1.— Dorsey vs. Clarke, 4 H. & J. 551. — Slark vs Cannady, 3 Litt. 399. —Powell vs. Monson and Brimfield Manufac. Co 3 Mason, 362 — Art. 5 in Law Magazine, No. 7. — Kent, Comm. 2d ed. 305, 306.