## JAMES BATES *versus* AMOS NORCROSS.

A deed of wild land executed and acknowledged by a grantor who had no right to the land, and duly recorded in the registry of deeds, and a mere entry by the grantee without an open exclusive occupation manifested by fencing or otherwise, do not amount to a disseisin against the will of the true owner.

The registry of a deed of land executed and acknowledged by a grantor who had no right to the granted premises, is not constructive notice to the true owner that such conveyance has been made.

The registry of a deed is constructive notice only to after-purchasers under the same grantor.

WRIT of entry for about six acres of land lying in the town of Monson, formerly a part of the town of Brimfield. The demandant declared on his own seisin and a disseisin by the tenant.

At the trial, before *Shaw* C. J., the demandant relied upon a deed of July 10, 1827, made to him by Jonas Blodgett, of a certain share of the common and undivided lands of the original proprietors of land in Brimfield, and upon a survey and location made on the 11th of the same July, pursuant to the deed. This location embraced the land in controversy. The share of unlocated land which the deed purported to convey, was the right of Samuel Shaw, one of the original proprietors, and the location was claimed to be made in pursuance of a vote of the proprietors, passed May 30, 1781.

The tenant gave in evidence a deed to himself from Timothy Packard, dated October 8, 1816, and a deed from Ebenezer Davison, to Packard, dated May 17, 1816, both of which were recorded, embracing the premises, with general covenants

of seisin and warranty. It was admitted that the demandant intermarried with the only daughter and heir at law of Davison, and that she received assets by descent from her father, in real estate of much greater value than the land in controversy. Whereupon it was contended, 1. that as the demandant, in right of his wife, was privy in estate with Davison, he was estopped from setting up a title paramount to the title of his ancestor Davison, against the grant and warranty of Davison ;—2. That as the tenant, were the demandant to recover in this action, would have his remedy by an action of covenant on the warranty against the demandant and his wife, such warranty, to avoid circuity of action, operates by way of rebutter to defeat and bar the action. The judge being of opinion, that upon one or both of these grounds the tenant must prevail, the demandant consented to become nonsuit, subject to the opinion of the whole Court upon these questions of law.

Another question of law was raised in the case. The tenant contended, that at the time of the conveyance by Blodgett to the demandant in July 1827, both the demandant and the proprietors of the common and undivided lands were disseised of the premises ; so that whatever right or interest may have passed by that deed, the fee in this particular parcel did not pass. To establish this ground the tenant relied upon the deeds above mentioned, and also gave in evidence, in order to trace Davison's title further back, a deed from Simeon Keep to Davison, dated April 10, 1797, embracing the premises, with covenants of warranty, and duly recorded, and a deed from Mary Needham and Ebenezer Merrick with his wife Lydia Merrick to Keep, dated July 22, 1778, embracing the premises, with covenants of seisin and warranty, and recorded December 6, 1785. It was admitted that the demanded premises were open unenclosed woodland. It was also admitted that Packard entered under his deed from Davison, and that the tenant entered under his deed from Packard. Now the further question was this : whether the execution and registry of the deeds constituted a legal presumption of the seisin of the respective grantees, or the entry under the deed of Davison proved such seisin, and whether in consequence thereof the proprietors of the common and undivided lands

Bates
*v.*
Norcross.

and Blodgett were disseised of the premises, and by reason thereof no fee passed to the demandant by the deed of Blodgett and the location made in 1827 ; and if upon this ground the Court should be of opinion that the demandant was not entitled to recover, then also he was to become nonsuit.

Sept. 27th.

*Wells* and *Alvord*, for the demandant, argued, in regard to this last question, that a feoffment with livery of seisin operates as a disseisin of the true owner, only at his election ; *Taylor* v. *Horde*, 1 Burr. 60 ; *Goodright* v. *Forester*, 1 Taunt. 578 ; *Jerritt* v. *Weare*, 3 Price, 575 ; *Doe* v. *Lynes*, 3 Barn. & Cressw. 388 ; 4 Kent's Com. (1st edit.) 475, 477 ; and if so, that a deed acknowledged and recorded, pursuant to our statute, and an entry under it, can have no greater operation ; 4 Dane's Abr. 100 to 106 ; *Marston* v. *Hobbs*, 2 Mass. R. 437 ; 4 Kent's Com. (1st edit.) 477 ; Stearns on Real Actions, 6, 41 ; that to constitute a disseisin, in the case of wild land, there must be an open and notorious exclusive adverse possession ; and that in the present case there was a mere entry under a claim of title, without notice to the true owner, and without the erection of fences, or any other circumstance tending to show an open exclusive possession, and consequently there was no disseisin. *Small* v. *Procter*, 15 Mass. R. 495 *Pray* v. *Pierce*, 7 Mass. R. 381. He cited also *Poignara* v. *Smith*, 6 Pick. 172 ; *S. C.* 8 Pick. 272 ; *Taylor* v. *Horde*, 1 Burr. 108 ; *Kennebeck Purchase* v. *Call*, 1 Mass. R. 483 ; *Brimmer* v. *Proprs. of Long Wharf*, 5 Pick. 131 ; *Jackson* v. *Schoonmaker*, 2 Johns. R. 230 ; *Smith* v. *Burtis*, 6 Johns. R. 197 ; *Wickham* v. *Freeman*, 12 Johns. R. 183 ; *Varick* v. *Jackson*, 2 Wendell, 166 ; *Wendell* v. *Blanchard*, 2 N. Hamp. R. 456 ; *Little* v. *Megquier*, 2 Greenl. 176 ; *Robison* v. *Swett*, 3 Greenl. 316 ; *Peters* v. *Foss*, 5 Greenl. 183 ; *Jackson* v. *Sharp*, 9 Johns. R. 163.

*Dewey* and *R. A. Chapman* for the tenant. An adverse possession of wild land, with notice to the true owner, s sufficient to constitute a disseisin. The effect of notoriety of possession is merely to give notice, and not to give seisin. Under our statute of 1783, *c.* 37, § 4, a deed with warranty duly recorded has the effect of a feoffment with livery of seisin. It appears that fifty-five years ago a deed with general warranty

was made to Keep. Keep conveyed, in like manner, to Davison, in 1797, and Davison to Packard and Packard to the tenant, in 1816. Entries are stated to have been made under the two last deeds, and the same is to be presumed in regard to the ancient ones ; and all these deeds have been duly recorded ; one of them forty-eight years ago. Here then was an adverse possession and a notice, which amount to a disseisin ; and the disseisin is coextensive with the land included in the deeds. *Pray* v. *Pierce*, 7 Mass. R. 383 ; *Riley* v. *Jameson*, 3 N. Hamp. R. 27 ; *Lund* v. *Parker*, ibid. 51 ; *Jackson* v. *Oltz*, 8 Wendell, 440 ; *Green* v. *Liter*, 8 Cranch, 249. At least there was a disseisin as against the demandant. He married the daughter and sole heir at law of Davison, and, by presumption of law, had all Davison's deeds, and he must have known of the deed from Davison to Packard. He had notice therefore of an adverse possession under a claim of title, and under these circumstances the law will not sustain his purchase of Blodgett. Bac. Abr. *Maintenance, E ; St.* 32 *Hen.* 8, *c.* 9 ; *Swett* v. *Poor*, 11 Mass. R. 549 ; *Brinley* v. *Whiting*, 5 Pick. 348.

WILDE J. delivered the opinion of the Court. The demandant, to establish his title, relies on a deed to him from one Jonas Blodgett, and the tenant denies that any thing passed by that deed, because Blodgett was disseised of the demanded premises at the time of the conveyance. To sustain this objection it is incumbent on the tenant to show an actual disseisin of Blodgett, so as to turn his estate into a right of entry or right of action ; and it is not sufficient to show such acts as Blodgett might elect to consider as a disseisin for the sake of the remedy, as there is no evidence or pretence that he ever elected so to treat the acts relied on in the defence.

To constitute a disseisin in fact there must be a wrongful entry of a person claiming the freehold, and an actual ouster or expulsion of the true owner, or some other act which is equivalent. " A bare entry on another," says Lord Holt, " without an expulsion, makes such a seisin only that the law will adjudge him in possession that has the right ; but it will not work a disseisin or abatement without actual expulsion." Anon. Salk. 246. Littleton defines a disseisin to be, where a man

*Bates*
*v.*
*Norcross.*

*Sept. 28th.*

entereth into any lands or tenements where his entry is not congeable, and ousteth him which hath the freehold ; and Lord *Coke* confirms the definition. In the case of the *Proprs. Kennebeck Purchase* v. *Springer*, 4 Mass. R. 418, *Parsons* C. J. lays down the same doctrine. " To constitute an ouster of him who was seised, the disseisor must have the actual exclusive occupation of the land, claiming to hold it against him who was seised, or he must actually turn him out of possession." In cases however of wild and uncultivated lands, where the proprietor has only a constructive possession, a tortious entry and open exclusive occupation and improvement are considered as tantamount to entry and ouster. *Small* v. *Procter*, 15 Mass. R. 495. In such cases, says *Parsons* C. J., " when a disseisor claims to be seised by his entry and occupation, his seisin cannot extend farther than his actual exclusive occupation ; for no farther can the party seised be considered as ousted : for the acts of a wrong-doer must be construed strictly, when he claims a benefit from his own wrong." 4 Mass. R. 418.

Upon the facts reported it is very clear, that although the tenant had entered on the land demanded before the conveyance from Blodgett to the demandant, he never had the exclusive possession of any part of it by open occupation and improvement, for it is admitted that the land demanded always has been open unenclosed woodland. Blodgett therefore has never been disseised in fact, according to the principles laid down in the cases referred to, and the objection to the demandant's title cannot be sustained, unless the conveyance from Timothy Packard to the tenant and his entry under it, amount to a disseisin and constructive ouster of Blodgett. The tenant's counsel contend that such is the legal effect of that conveyance, which being duly acknowledged and recorded in pursuance of the statute of 1783, *c.* 37, was valid to pass the premises, without any other act or ceremony in the law whatsoever, and therefore operated as a feoffment at common law.

Whether a feoffment would have the effect supposed, at the present day, is a question upon which learned jurists disagree. but which it is not necessary to consider in the present case.

In the case of *Varick & al.* v. *Jackson*, 2 Wendell, 203, .he chancellor remarks, that " by a careful examination of the authorities, it will be found that there could be no disseisin in fact, except by the wrongful entry of a person claiming the freehold, and an actual ouster or expulsion of the true owner, or by some other act which was tantamount ; such as a common law conveyance, with livery of seisin, by a person actually seised of an estate of freehold in the premises ; or some one lawfully in possession representing the freeholder," &c. That a feoffment according to the ancient doctrine had a more large and transcendent operation, must be admitted. Before the case of *Taylor* v. *Horde*, 1 Burr. 60, it was the settled doctrine, as it seems, that a feoffment would create an estate of freehold in the feoffee, although none was in the feoffor at the time of the feoffment. It was sufficient if the feoffor had possession, however slender or naked or tortious his possession might be. But the case of *Taylor* v. *Horde* and subsequent decisions have very much broken in upon the ancient doctrine as to the sweeping efficacy of a feoffment to work a disseisin in fact against the will of the owner, in cases where the feoffor is not seised, but has only a mere naked possession. The subject is discussed and the authorities are cited and commented upon by Chancellor *Kent*, in his Commentaries, with his usual ability and force, and he expresses a strong opinion in favor of the doctrine laid down by Lord *Mansfield* in the case of *Taylor* v. *Horde*. " The good sense and liberal views which dictated the decision in *Taylor* v. *Horde*, he says, seem to have finally prevailed in Westminster Hall, notwithstanding the strong opposition which that case met with from the profession. The courts will no longer endure the old and exploded theory of disseisin. They now require something more than mere feoffments and leases to work, in every case, the absolute and perilous consequences of a disseisin in fact." 4 Kent's Com. 475.

But, as already remarked, it is not necessary to decide as to the operation of a feoffment, as the conveyance set up in defence is not such a conveyance, but a conveyance under the statute, and divested no rights but those of the grantor. *Varick* v. *Jackson*, 2 Wendell, 203. The words of the statute are,

Bates
v.
Norcross.

" that all deeds or other conveyances of any lands &c., signed and sealed by the party granting the same, *having good and lawful right or authority thereunto*, and acknowledged by such grantor or grantors, before a justice of the peace &c., and recorded at length in the registry of deeds &c., shall be valid to pass the same, without any other act or ceremony in the law whatever." The words " having good and lawful right or authority," are material, and indicate the intention of the statute, that the right of the grantor only should pass by such conveyance. If the grantor had no right, then nothing would pass by his deed. And such has been the construction of the statute. In the case of *Marston* v. *Hobbs*, 2 Mass. R. 439, which was an action of covenant broken, the title set up by the defendant was derived from a constable's sale for non-payment of taxes, and *Parsons* C. J. remarks, that " if the defendant had not shown to the jury an authority in the constable to make the conveyance, he must have failed, notwithstanding the registry of the deed, which supplies the want of livery of seisin only where the grantor has right to convey." The same construction of the statute as to the effect of a constable's deed, is recognised in *Pray* v. *Pierce*, 7 Mass. R. 381. So in the case of *Little* v. *Megquier*, 2 Greenl. 178, it was decided that an entry on land under a deed recorded, and payment of taxes, were no evidence of a disseisin of the true owner, unless he who entered had continued openly to occupy and improve it. In the present case it does not appear tha Timothy Packard, when he conveyed to the tenant, was seised of the granted premises. At the most, he had but a naked possession under his deed from Ebenezer Davison, whose title does not appear to have been derived from any one having a lawful possession or seisin. The true owner therefore was not disseised by operation of these conveyances.

But it has been argued, that although the deed from Packard to the tenant did not operate as a disseisin, yet as he entered under color of that conveyance, he thereby acquired a seisin, and that this fact, being made known to Blodgett, operated as a disseisin, and is to be considered as tantamount to an ouster or expulsion. It is not, however, on this report necessary to determine whether this position can be maintained,

for there is no evidence of any notice to Blodgett. It has been argued that the registry of the deed is presumptive notice ; but we think not. It is only evidence of notice to after-purchasers under the same grantor. To hold the proprietors of land to take notice of the records of deeds, to determine whether some stranger has without right made conveyances of their lands, would be a most dangerous doctrine, and cannot be sustained with any color of reason or authority. Nor is there any evidence of notice to the demandant, if that fact were material. His marriage with the daughter of Davidson is no proof that he had any knowledge of any conveyance made by him. At all events, the question of notice is for the jury, and if the tenant can prove the notice by competent evidence, he may do it on a new trial.

On the other question the Court gives no opinion, as the counsel for the tenant has relied on the evidence of disseisin, and has not argued the question of estoppel or rebutter.

*Nonsuit taken off and new trial granted.*