## Elizabeth Ham vs. Rufus Ham.

The grantee in a deed of release, containing no covenants of warranty, is not thereby estopped from contesting the seisin of the grantor, and showing that he was himself before seised of the premises by an elder and better title.

The demandant claimed dower in fifty acres of land in *Shap-leigh*, as the widow of *John Ham*, and on his seisin during the coverture. Whether *John Ham* was, or was not, seised of the premises, was the only question in the case. The plaintiff read a deed of release of the premises from *John Ham* to the tenant, dated *May* 5, 1828, acknowledged and recorded the same day, which deed of release contained no covenant, but the following : "So that neither I, the said *John Ham*, nor my heirs, nor any other person or persons, claiming from or under me or them, shall or will, by any way or means, have, claim, or demand any right or title to the aforesaid premises, or their appurtenances, or to any parcel or part thereof, forever." Also, another release of the same date, and with the same covenant, to the tenant from *Robert Fernald* and *William Stanley*, who had previously levied executions upon the premises, as the property of *John Ham*. Thereupon the counsel for the demandant contended, that the tenant was concluded and estopped to deny the seisin of *John Ham*, and that any evidence, tending to show that he was not so seised, was inadmissible in law. But *Emery J.* presiding, ruled for the trial, that he was not so estopped. The tenant then offered proof, that the land was the property of *George Ham*, father of *John* and of *Rufus Ham*, who conveyed the same to the tenant, when *John* was present, in 1818 ; and that although *John Ham* lived upon the premises, he always acknowledged the title of his father and brother, who usually took a portion of the profits. The widow of *George Ham* had claimed and had dower in the same premises. Immediately before

Ham v. Ham.

the releases were made, *Fernald* had entered upon the premises, and the tenant forbade him, and threatened to prosecute him, and after some dispute, by the advice of friends, the tenant agreed to give one hundred dollars for a quitclaim from *Fernald, Stanley,* and *John Ham,* and received the deeds in pursuance of that agreement. The jury were instructed, in case they found the premises to be in *George Ham,* and the tenant, and that *John Ham* was but their tenant at will, to find also, whether the tenant, when he took the deeds of release, intended to waive or abandon his right to the land and acknowledge theirs, or for the purpose of purchasing his peace and quieting his title. The jury found that *John Ham* was not seised, and also, that the tenant did not, by taking the releases, intend to waive or abandon his prior title, or acknowledge the other, but that he took the deeds for the purpose of purchasing his peace, and quieting his title. If the ruling or instructions were wrong, a new trial was to be granted.

*D. Goodenow,* for the demandant, contended, that the tenant, by taking the deed from *John Ham,* as well as by taking the deed from those claiming under him, during the coverture, was estopped from denying the title of *John Ham.* He relied upon *Nason v. Allen,* 6 *Greenl.* 243, as conclusive in his favor. He also considered *Hains* v. *Gardner,* 1 *Fairf.* 383, and *Hitchcock* v. *Carpenter,* 9 *Johns. R.* 344, as directly in point. That these are deeds of quitclaim, instead of warranty, makes no difference. *Fairbanks* v. *Williamson,* 7 *Greenl.* 96. The principle is, that a party is not at liberty to repudiate a title under a deed received by him.

*N. D. Appleton,* for the tenant, contended, that he was not estopped to contest the seisin of the demandant's husband, because of his receiving quitclaim deeds from her husband, and those who had levied on the land as his property. The grantee in a deed containing a covenant of seisin, but no covenants of warranty, is not estopped from setting up a different title against his grantee. The true reason which governs estoppels is, that after a man has by his own deed, or act *in pais,* admitted a fact to be true, he shall not be permitted to contradict it. He has not done it in this case. In his argument, he cited *Allen* v. *Sayward,* 5 *Greenl.* 231 ; *Com Dig. Estop. E.* 3, *and A.* 2 ; *Coke Lit.* 363 ; *Small* v. *Procter,* 15 *Mass. R.* 495 ; *Blight* v. *Rochester,* 7 *Wheat.* 547 ; *Fox* v. *Widgery,*

4 *Greenl.* 214; 5 *Dane*, 381 ; *Flagg* v. *Mann,* 14 *Pick.* 481 ; *Co. Lit.* 352 ; *Davis* v. *Hayden,* 9 *Mass. R.* 519; *Somes* v. *Skinner,* 16 *Mass. R.* 356 ; *Welland Canal* v. *Hathaway,* 8 *Wend.* 483 ; *Dart* v. *Dart,* 7 *Conn. R.* 250 ; *Jackson* v. *Wright,* 14 *Johns. R.* 193 ; 4 *Kent's Com.* 261.

The opinion of the Court was drawn up and delivered at the ensuing term in *Oxford* by

SHEPLEY J. — The plaintiff claims dower in the premises as the widow of *John Ham,* deceased ; and she is entitled to recover,˙ if her husband was seised during the coverture. If the testimony reported in the case was legally admitted, the seisin of the husband was disproved, and she cannot recover unless the defendant is estopped by the deed from the husband, or by levies made by his creditors, and deeds from them. If the defendant is estopped to deny the seisin, the testimony is of course inadmissible ; otherwise, there does not seem to be any valid objection to it ; for it is generally competent for the vendee to deny and disprove the seisin of the vendor. *Com. Dig. Estoppel, E.* 3; 15 *Mass. R.* 495, *Small* v. *Procter.* The doctrines of estoppel depend upon principles quite plain and simple ; but in the application of them, many difficulties seem to have presented themselves ; and the cases are not always easily reconciled. The law will not permit a man to say, that what he has said, or done, as a solemn act, by which others have acquired rights, was not according to the truth. Nor will it permit one, who has in like solemn manner admitted a matter to be true, to allege it to be false. But it must be clearly and certainly proved, that one has said, or done, or admitted it, before he is refused the liberty to deny it. *Ld. Coke* states, in the language of his time, that " it is called an estoppel or conclusion because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth." *Co. Lit.* 352, *a.* Another distinguished jurist says, " every man is bound to speak and act according to the truth of the case, and the law will presume he has done so, and will not allow him to contradict such a reasonable presumption. This is the reason and foundation of the doctrine of estoppels." 4 *Kent's Com.* 260, *note d.* " The reason which governs estoppels is, that after a man has by his own deed, or act *in pais,* admitted a

fact to be true, he shall not be permitted to contradict it." 14 *Pick.* 481, *Flagg* v. *Mann.* Recitals in a deed do not generally estop the party to deny them because they are not, properly speaking, his own declarations, but are the declarations of others. 4 *Nev. & Man.* 857, *Shelton* v. *Shelton.* Yet they do in certain cases act as estoppels, coming within the principle of a party's own declarations, being so solemnly adopted by him as to make them his own. 4 *Peters,* 1, *Carver* v. *Jackson*; 12 *Wend.* 57, *Sayles* v. *Smith.* The application of these principles to the present case, would not be attended with difficulty, if no embarrassment existed in the decided cases. The case of *Hains* v. *Gardner,* 1 *Fairf.* 383, is relied upon for the plaintiff; but the tenants in that case held under warranty deed from the husband, containing the usual covenants. One of the covenants, which the purchasers took from the grantor, alleged in precise language, that the husband was seised; and the truth of this allegation, the tenants were not permitted to deny. The case comes within the principles in relation to estoppels before stated. The case of *Nason* v. *Allen,* cited for the plaintiff, is of a like character. The cases, cited at the bar, in 6 *Johns. R.* 290, 9 *Johns. R.* 344, and 3 *Pick.* 52, are the same in principle. The deeds in this case, taken by the tenant from the husband, and from the creditors, are releases, containing no allegation, that he was seised, nor any allegation, that the title to the estate was in him at any time during the coverture. The application of the same rules of law determines, that the tenant is not estopped by them. " Every estoppel ought to be a precise affirmation of that which maketh the estoppel," *Co. Lit.* 52, *a;* and nothing can be plainer, than that no such precise affirmation is found in these deeds, respecting the seisin of the husband. It is insisted also, that the levies estop the tenant, because he is a privy in estate under them. In the case of a judgment debtor, whose estate is taken by a levy of the execution, according to the provisions of the statute, it has been decided, that he was estopped " by the record of a judgment against him, and by the execution and return of it, as effectually as he could be by a deed under his own seal." *Varnum* v. *Abbot,* 12 *Mass. R.* 474. And as estoppels are mutual, it would seem, that the judgment creditor must be also bound by it. But is the tenant such a privy in estate as to be

alike bound? In order to estop him as such, he should have admitted in the act by which the estoppel is claimed against him, that a title was acquired by the levies. This he has not done; and is not therefore upon principle to be denied the right to prove, that the title was not acquired by the levies. The only covenant, in the deeds of release, is relied upon as an estoppel. The covenant is, " that neither I, the said *John Ham,* nor my heirs, nor any other person or persons, claiming from or under me or them, or in the name, right, or stead of me or them, shall or will, by any way or means, have, claim, or demand any right or title to the aforesaid premises, or their appurtenances, or to any part or parcel thereof, forever." In this language there is no assertion, that the grantor had any title whatever. He simply says, that he will not claim to have a title; and that no others, for or under him, shall make such a claim. How then does the tenant deny the truth of any allegation made in this language, when he asserts, that the party using it had no title? The right of the defendant to do this, is established also by the positions taken in the case, in 5 *Greenl.* 227, *Allen* v. *Sayward,* where it is said by the present Chief Justice, in delivering the opinion of the Court, " when a party has given a deed with a warranty of land, of which he had not a sufficient title, if he afterwards acquire a good title, it enures to the grantee by way of estoppel; and this to avoid circuity of action. But a covenant of seisin, or what is equivalent, that the party has good right to convey, does not thus operate upon an after acquired title. The party may have been seised, and may have conveyed his seisin to the grantee, by which these covenants are supported and verified; the seisin of the grantee may afterwards be divested upon elder and better title, and this may be subsequently lawfully purchased by the grantor for his own use and benefit; and it will not enure to the grantee, who in such case can have no claim whatever for breach of covenant."

The case in 7 *Greenl.* 96, *Fairbanks* v. *Williamson,* is said to present a covenant like those in the present deeds, and it was decided, that the defendant was estopped by it. The facts in that case and the language used, were of a very peculiar character, and the decision of the Court arose out of them. It cannot be regarded as furnishing a precedent for a case like the present.

In this case, the jury have found, that the husband was not seised during the coverture, and that the tenant, by receiving the deeds referred to, did not intend to waive or abandon his right to the land, or acknowledge theirs. It was decided in the case of *Fox* v. *Widgery*, that this question was a proper one for the consideration of the jury, and it having been found by them, there must be

Judgment upon the verdict.