McKinney, J.
delivered the opinion of the court.
The lessors of the plaintiff claim title to the land described in the declaration in this case, as heirs at law of James Stewart, deceased. It appears that the tract of land sued for was originally part of a grant of one thousand acres, lying in Obion county; granted by the State of North Carolina to Edward Harris, on the 10th of July, 1788, and by him conveyed to Mathias Stewart, on the 20th of February, 1790, who sold and conveyed five hundred acres thereof, being the western half, now in dispute by specific metes and bounds, to James Stewart, the ancestor of the plaintiff’s lessors, by deed, bearing date, the 1st of August, 1803. Neither the lessors of the plaintiff, nor those under whom they deraign title, ever were in actual possession of any part of said five hundred acres of land. It further appears, that in 1835, the entire original tract of one thousand acres was reported for the taxes of 1835, in the name of Edward Harris, the grange, and was sold, and pur *715 chased by the defendant, to whom it was conveyed by sheriff’s deed, dated 10th November, 1837. The defendant entered upon and took actual possession in the latter part of 1836, by placing a tenant thereon; but the possession thus taken was within the bounds of the eastern half of the original tract of one thousand acres, and did not include any part of the western moiety owned by the plaintiff, and in controversy in this action; and this possession was continued for more than seven years before the commencement of this suit. In 1846, the defendant for the first time, took possession within the boundaries of the five hundred acres claimed by the plaintiff; whereupon this action was commenced. Upon these facts, his Honor, the Circuit Judge, instructed the jury, in substance, that if the defendant under the sheriff’s deed, had held the uninterrupted adverse possession of the. land described therein, for more than seven years before the commencement of this suit, claiming to the extent of the boundaries of said deed, and adversely to all others, such possession under said deed would give him title to the land described therein, by operation of the statute of limitations, although his actual possession did not include any part of the five hundred acre tract claimed by the plaintiff’s lessors, unless they were within some of the exceptions of the statute. This instruction was erroneous, and contrary to the well established principle laid down by this court in the case of Talbot vs. McGavock’s lessee, (1 Yer, 262,) and more recently in the case of Smith vs. McCall’s heirs, (2 Hum. 163.) It is well established in this State, and perhaps no conflicting decision can be found any where, that a party setting up claim to land under the statute of limitations, in virtue of a possession under an inferior or defective *716 title, must show an actual possession of some part of the land in dispute; and that such possession was visible, notorious and adverse to the title of the proper owner, and all others; and that it was with an exclusive claim of title in the possessor, and not, as to the whole or part of the premises, in subordination to, or consistently with, the claim of another. 1 Burr. 60; 4 Kent Com. 482, 489; 6 John. R. 197; 15 Mass. R. 495. And although it is not necessary, in order to form the bar of the statute, that the rightful owner should have actual knowledge of the adverse possession, yet it is necessary, that it should be accompanied by such circumstances of notoriety, as that he may be presumed to know, or at least have opportunity of knowing, that there is a possession adverse to his title. Cowp. R. 217; 4 Mass. R. 416; 4 Mason R, 326. The eastern and western moieties of the original tract of land in question, became, from the date of the conveyance to James Stewart in 1803, separate and distinct tracts; and the actual possession of the eastern tract, by the defendant, though under a conveyance purporting to include both tracts, gave him no constructive possession of the western moiety; because •there cannot be in legal contemplation, a possession, either actual or constructive, of the same identical tract of land, in two adverse claimants at the same time. If there be an actual, mixed or concurrent possession, the well settled principle is, that the legal seisin or possession shall be adjudged in him who has the title; and it is equally well settled, that the constructive possession . which the law annexes to the better title, is in the true owner, if there be no adverse possession, until an actual disseisin or adverse possession by another. It is clear, therefore, that the constructive possession of the lessors *717 of the plaintiff, of the land in dispute, was not disturbed, much less ousted, by the entry and actual possession of the defendant of the eastern tract; and it is alike clear, that the constructive possession of the western tract being in [the plaintiff, the defendant could have no such possession thereof. The actual possessson by the defendant of the one tract, was perfectly consistent with the constructive possession by the plaintiff of the other tract; and therefore, until the actual entry and trespass within his boundaries in 1846, the plaintiff had neither cause of complaint nor right of action against the defendant; and not until then had the defendant any such possession of the western tract as the statute of limitations would attach to or upon. The case of Brown vs. Johnson, (1 Hum. 261,) to which the counsel for the defendant referred in argument, bears no resemblance or analogy to this case, either in its facts or principles. That case decides, and correctly, that under the 2nd section of the act of 1819, ch. 28, a person holding adverse possession for seven years of a tract of land, by virtue of a title bond, is protected in his possession to the extent of the boundaries defined in such bond. There the actual possession, under the title bond, was of the same identical tract of land covered by the plaintiff’s grant. There, the defendant’s actual entry and adverse occupancy were a disseisin and ouster of the plaintiff’s constructive possession, as to the entire tract; and in such case the principle properly applied in favor of the defendant, that possession of part, in the absence of any adverse possession, was possession of the whole of the land embraced within the boundaries of the title bond. The principle of that case, and of the present, are perfectly consistent with each other. Let the judgment be reversed.