Bartley, J.
The claim to dower in this cáse, is founded solely on the assumption that the grantee of the husband, and those holding under him, are estopped to deny that their grantor had title. ■ The petitioners have not sought to fortify their claim, by any proof tending to show the validity of the tax title out of which it originated ; and if the doctrine of estoppel fails them, their claim is without any legal foundation to rest upon.
It was formerly held in New York, and, perhaps, in several other states, that in an action for dower, brought by a widow against the 'grantee of her husband, or those holding *under him, such [346 grantee, and those deriving title from him, were estopped from denying the seizin of the husband. But this doctrine, after a very full examination, was overruled by the court of appeals in New York, in the case of Sparrow v. Kingman, 1 Comst. 242. And this adjudication has bo.en repeatedly affirmed and recognized in subsequent reported decisions in that state. The same subject came under review, in the Supreme Court of the United States, in the case of Blight’s Lessee v. Rochester, 12 Wheat. 535, in which it was held that the doctrine of estoppel, which forbids a party from denying the title under which he has received a conveyance, does not apply as between vendor and vendee, and, especially, where the latter has not received possession from the former. In this case, Chief Justice Marshall traces the origin of the doctrine on this subject, back to the feudal tenures, “ when the connection between landlord and tenant, was much more intimate than it is at present, when the latter was bound to the former by ties not much less strict, nor much less sacred, than those of allegiance itself.”
“The propriety,” says Chief Justice Marshall, “of applying the doctrines between lessor and lessee, to a vendor and vendee, may well be doubted. . The vendee acquires the property for himself, and his faith is not pledged to maintain the title of-the vendor: The rights of the vendor are intended to be extinguished by the sale, and he has no continuing interest in the maintenance of his title, *347 unless he should be called upon in consequence of some covenant or warranty in his deed. The property having become by the salé the property of the vendee, he has a right to fortify that title by the purchase of any other, which may protect him in the quiet enjoyment of the premises. No principle of morality restrains him from doing this, nor is either the letter or the spirit of the contract violated by it.”
It was held in the case of Watkins v. Holman, 16 Peters, 54, that the relation of landlord and tenant, in no sense, existed between 347] vendor and vendee. And Mr. ^Justice Story is reported to have said, in the case of The Society, etc. v. The Town of Pawlet, etc., 4 Peters, 506, that “A vendee in fee, derives his title from the vendor; but his title, although derivative, is adverse to that of the vendor. He enters and holds possession for himself, and not for the vendor.” This doctrine has been fully recognized in Massachusetts, in the case of Small v. Proctor, 15 Mass. 495. And it is now held in New York, that the doctrine of estoppel, which had been formerly improperly applied to an action of dower brought by a widow against the grantee of her husband, or those claiming under him, was wanting in the vital principle of estoppel, which consists in mutuality.
The decisions in this country, in which the grantee and those claiming under him were held to be estopped to deny the title of the grantor, were cases in which the grantee received and held possession under the conveyance, and relied upon it as his source of title, and not where the grantee held the title under a prior, and independent conveyance.
In the case before us Nathan Perry had purchased the land, received a conveyance, and was in possession prior to the conveyance from Job Doan, under a title upon which he, and those claiming under him, have relied since 1824. The conveyance from Doan was treated as of little or no value, and was plainly a mere measure of precaution on the part of Nathan Perry, by way of buying his peace and quieting his title. It would be the grossest absurdity to conclude that Nathan Perry, by taking the conveyance from Job Doan, for a trifling consideration, contemplated, instead of continuing seized of the whole premises, as he claimed to have been before, that he became seized of only an undivided part, in common with the other heirs of Job Doan’s ancestor.
It would seem to be just and reasonable that a person in the bona *348 fide possession of land under a claim of title, should be allowed to buy in any title, real or pretended, with a view to quiet the enjoyment of his possessions, and that *the purchase of an adver- [348 sary title, if it does not strengthen, should certainly not have the effect to impair the title of the owner. It is not the policy of the law to deter persons from buying their peace, and compel them to submit to the expense and vexation of lawsuits, for fear of having their titles tainted by defects which they would gladly remedy by purchase, where it can be done with safety.
A claim to a dower estate in lands, upon a mere technicality, after a lapse of near thirty years, predicated on a tax title of the deceased husband, unsupported by any public record showing the validity or regularity of the tax sale, and under which the husband, in his lifetime, was not only never in possession, but never had asserted any right to the possession of the premises, is entitled to but little consideration in a court of justice. And my only surprise is, that I should have been induced myself, when presiding in .the court on the circuit, by the urgent request of the learned counsel for the petitioners, to reserve the question in this case for decision by the court of last resort.

Petition dismissed at the costs of the petitioners.