# ELIZABETH B. GARDNER *v.* REYNOLDS GREENE.

A woman is not dowable out of lands in which her husband, during the coverture, had only a vested remainder in fee, expectant upon the determination of an estate during widowhood, which he sold and absolutely conveyed pending the particular estate.

Upon a hearing on bill and answer, the court will not presume against the defendant, that he claims under a particular deed set up by him to disentitle the plaintiff to dower, when such claim is not asserted in, nor necessarily to be implied from, anything contained in the bill or answer.

The acceptance of a deed poll, conveying, with covenants of warranty, lands purchased, and the receiving and continuing to hold possession of the lands under it, do not estop the grantee from disputing the grantor's seisin of such lands prior to and at the time of the conveyance, upon a subsequent claim of dower in them, made by the widow of the grantor.

BILL IN EQUITY by the plaintiff, as the widow of the late Jesse Gardner of North Kingstown, deceased, for the assignment of dower to her in two third parts of the Roome farm, so called, lying in North Kingstown, against the defendant, as tenant in possession of the same.

The case was heard upon bill and answer, from which it appeared, that the farm, in a portion of which the plaintiff claimed dower, was formerly the property of Ezekiel Gardner of North Kingstown, who dying seised in 1814, left it, in lieu of dower, to his widow, Susannah, during widowhood, with remainder in fee to his three sons, Palmer, Jeffrey, and Jesse the husband of the complainant. Susannah, the widow of Ezekiel, took possession of the estate under the will of her husband, and, never having married, continued to receive the rents and profits of it until her death, in 1830. After the death of his brother Jeffrey, upon whose interest in the farm he seems to have had a claim growing out of his payment of certain mortgages executed by Jeffrey upon it, Jesse, in September, 1820, applied to the court of probate of North Kingstown to divide the farm between himself, his brother Palmer, and the heirs of his brother Jeffrey, which was done by the court, they receiving, approving, and ordering to be recorded, the report of the committee of division, on the 9th day of October, 1820. The report of the committee recited, that the farm was subject to the life

estate of the widow of Ezekiel, and that the partition was made, subject to that estate. In the December following, Jesse purchased of the administrator of Jeffrey, empowered by the supreme judicial court to make sale thereof for the payment of the debts of his intestate, all Jeffrey's interest in said farm; so that two thirds thereof, in remainder, became, and were, at that time, vested in him. The complainant, who had intermarried with him in 1809, joined with him, on the 13th day of June, 1821, in the conveyance of a wood lot, a portion of the farm, and released her dower therein; but on the 18th day of August, 1823, Jesse sold and conveyed to Nicholas C. Northup all his interest in the farm, by a deed in which the complainant did not join. The deed from Jesse to Northup was a deed poll, in common form, which described the farm "as two certain tracts of land," one, of about 264 acres, and the other, of about 32 acres, bounding them by the lands of adjoining proprietors, and contained a warranty of seisin in fee on the part of the grantor, —a warranty against all incumbrances, except two mortgages, one, executed by the three brothers, Jesse, Palmer, and Jeffrey, to Oliver Gardner, for $2,021, and the other, executed by Jesse alone to Jonathan W. Arnold for $3,549.95,—and a general covenant, to warrant and defend the granted estate against the lawful claims of all persons, with the above exceptions. Jesse, the husband, died intestate in August, 1855. It did not appear, either from the bill or answer, by what title, or under what claim, the respondent possessed the estate in which dower was sought; whether under Northup, the grantee of Jesse, or under the prior mortgagees, subject to whose claims Jesse sold; but merely, as stated in the bill, that he was "in the occupancy and possession of the said estate, claiming to own and enjoy the same against the rights of your oratrix."

The complainant claimed dower in the two thirds of the Roome farm, set off by the probate division of 1820 to Jesse and Jeffrey, with the exception of the wood lot, in which she had released dower; and the respondent, by his answer, resisted her claim, upon the ground, that on account of the life estate outstanding in Susannah Gardner during all the time of coverture that Jesse was interested in the farm, he had no such seisin as would entitle his widow to dower therein.

*Bartlett* and *T. A. Jenckes*, for complainant :—

1st. That from the facts appearing in the bill and answer, and which are the only facts that can come to the notice of the court, there was such a seisin of the estate in Jesse Gardner as will entitle his wife to dower.

The widow is entitled to one full, &c. third part of all the lands, &c. whereof her husband was seised of an estate of inheritance at any time during coverture, to which she shall not have extinguished, &c. Rev. Stats. ch. 202, § 1, p. 503. By the will, each brother had a vested remainder. To the legal seisin thus obtained, an actual corporeal possession and seisin was added, by the division, under a judicial order, of Sept. 11, 1820. By subsequent purchase, Jesse became possessed of the interest of his brother Jeffrey, giving him a legal as well as an actual seisin (the latter under the division aforesaid) in two thirds of the estate. Where, in a suit for dower, a deed conveying a legal title to the husband was produced, and it was proved that he was in possession of the land and aliened it during coverture, it was deemed sufficient evidence, in the absence of proof to the contrary, that the husband had such a legal seisin as to give his wife a right of dower in the land, notwithstanding the husband's alienation. *Wall* v. *Hill*, 7 Dana, 172. In the present case, the will gives the husband the legal title ; and the division, and the subsequent conveyance to Northup, by which the husband aliened the land, proved the possession, and, consequently, such legal seisin, as to give the wife her right of dower.

2d. That there being no evidence to the contrary, the respondent is presumed to hold by the same title by which the husband held, and that he (the respondent) having such a seisin as would entitle the wife to dower, the husband had such seisin. The case cited *supra* sustains this proposition. *Wall* v. *Hill*, 7 Dana, 172 ; and also *Sentry* v. *Woodson*, 10 Miss. 746.

3d. That under the pleadings in this suit, the respondent, claiming his title from the husband, is estopped from denying that title ; and having made the deed to Northup, by which the estate was first conveyed, part of his answer, he is concluded by it, and estopped from denying such seisin in Jesse Gardner as would entitle his widow to dower. If, by the terms of

that deed, it appear, that Jesse Gardner had the corporeal seisin of the estate conveyed, his widow is entitled to dower in said estate.

This deed to Northup, to have conveyed a vested remainder, should have conveyed "the right, title, and interest" of the grantor, or the property "subject to the life estate," &c. But it does not; it conveys an estate by metes and bounds, together with a dwelling-house which he *now owns and occupies.* It conveys the property free of all incumbrances, except two specified mortgages, subject to no life estate in his mother or any one else. It is a deed of general warranty, conveying a full title. It expresses plainly an actual seisin. See, generally, as to the effect of admissions by pleadings, deeds, &c., as regards privies in title and estate and the doctrine of estoppel, Co. Litt. 352; Gresley's Equity Evidence, 310, and notes; Phillips, Evidence, vol. 1, 324; Comyn's Dig. tit. Estoppel, 78 and 79. The recital of a fact in a deed is, as against the grantee and all claiming under him, conclusive evidence in favor of the grantor and those claiming under him. *Torrey* v. *Bank of Orleans,* 9 Paige, C. R. 649; and, further, *Cruger* v. *Daniel,* 1 McMullan, Ch. 157; *Inskeep* v. *Shields,* 4 Harring. 345. One cannot deny the seisin of him through whom he claims title. *Dashiel* v. *Collier,* 4 J. J. Marsh. 601; and also *Douglas* v. *Scott,* 4 Ham. 194. The principle governing the cases of title in the landlord, when denied by the tenant, apply between vendor and vendee. *Walden* v. *Bradley,* 14 Pet. 156. If this respondent be permitted to deny the title and seisin of the husband, under whom he claims, by the pleadings in the case and the rule in actions for dower, there will be exhibited the anomaly, of a grantee setting up a defect in his own title to bar the right of a third person.

*Wilkins Updike,* for respondent:—

1st. The whole proceeding of the court of probate of North Kingstown, in dividing the estate in remainder amongst the devisees of Ezekiel Gardner, was unauthorized and void; the estate not being *intestate,* (Dig. 1798, p. 289); and if not, the division was made subject to the life estate of Susannah, his widow.

2d. The husband of the complainant was never seised of the estate, during her coverture, nor at any other time so far as ap-

pears, in which she claims dower; the life estate of Susannah, his mother, continuing until 1830, some seven years after he had parted with all his interest in it to Northup. It is well settled, that a vested remainder gives to the husband no such seisin of an estate as entitles his widow to dower in it. *Eldredge* v. *Forrestal*, 7 Mass. 253, 254; *Blood* v. *Blood*, 23 Pick. 80, 84.

AMES, C. J. It is not pretended in this case, and indeed cannot be, that a widow is dowable out of lands in which her husband had at no period during the coverture, any other estate than a reversion or remainder in fee, expectant upon the determination of an estate for life, or what is the same thing for this purpose, expectant upon the determination of an estate during widowhood. 2 Co. Inst. 301. There could be no livery to such a remainder-man or reversioner at common law; the livery to the particular tenant enuring to his benefit, and he deemed to be " entitled," rather than " seised," in the strict sense of that term. The reason given by Lord Coke why the wife shall not be endowed of a reversion " albeit it is within the word tenements," is, " because there was no seisin in deed or law of the freehold." Co. Lit. 32 *a*. As our statute gives dower only in " lands, tenements, and hereditaments, whereof the husband, or any other to his use, was *seised* of an estate of inheritance, at any time during the coverture," and the husband of the complainant parted with all his interest in the farm, out of which she here seeks dower, long previous to the expiry of the life estate of his mother, and whilst he had only a remainder in it, it is evident, that the very ground of the complainant's claim, the seisin of her husband, of which her estate can be but the continuance, totally fails her. 1 Cruise, Dig. tit. Dower, p. 190.

Indeed, the ground taken for the complainant is not so much under the facts stated in the answer, that her husband really was seised during the coverture of this farm, as that the defendant, in consequence of having set up in defence a conveyance of the farm by the husband to Nicholas C. Northup with warranty of seisin, is, notwithstanding the actual existence of the life estate before and at the time of the conveyance, estopped to deny the fact of the seisin of the husband.

Gardner *v.* Greene.

It is true that cases can be found from Maine, New York, and New Jersey, and following their lead, quite probably from other states, affirming, that the grantee of a fee-simple by deed-poll with covenants of warranty, who takes possession under his deed and is not actually evicted, cannot deny the seisin of his grantor against the claim of the grantor's widow for dower, but is estopped to deny it, as we understand the cases, by the acceptance of the deed with warranty and by receiving and holding possession under it. Even if this were good law, we do not see how it would help the case of the complainant; for it nowhere appears in the bill or answer, or in any exhibit appended to either, that the respondent claims title or holds possession, even mediately, under the deed executed to Northup; the bill merely stating him to be in possession, " claiming to own and enjoy this farm against the rights of your oratrix," and the answer setting up the conveyance, in connection with the outstanding life-estate, as disentitling the complainant to dower, without advancing any claim of title, under the deed, whatever. For aught that we know, the respondent claims this farm by title paramount to the husband of the complainant, or under mortgages in which she has joined as relessor of dower; for we cannot infer, as the complainant would have us, in a case tried upon bill and answer, that the respondent claims under a title to a third person merely because he holds it up as a shield for his defence, when there is no averment of the claim either in bill or answer, and when, according to the view advanced by the complainant, it is the respondent's claiming and having received possession under a deed which makes the title conveyed by it of too little proof to protect him.

But the cases themselves, upon which this notion of estoppel is pretended, savour, we think, far more strongly of gallantry, than of law. Of course, a deed poll can never operate by way of estoppel *by deed*, against the grantee, for the simple reason that his seal is not to it; Co. Lit. 47 *b*, 363 *b;* nor, in consequence, as such an estoppel against the grantor; since, to exist at all, an estoppel of this sort must be mutual and reciprocal. Co. Lit. 352 *a; Gaunt* v. *Wainman,* 3 Bingh. N. C. 69; S. C. 32 Eng. C. L. R. 42; *Small* v. *Proctor,* 15 Mass. 495,

499; *Moore* v. *Eastman*, 5 N. H. 490; *Lansing* v. *Montgomery*, 2 Johns. R. 382; *Osterhaut* v. *Shoemaker*, 3 Hill, 519; *Sparrow* v. *King*, 1 Comst. (Appeals) R. 248; *Gardner* v. *Sharp*, 4 Wash. C. C. R. 609; *Miles* v. *Miles*, 8 Watts & Serg. 135; *Bolling* v. *Mayor*, 3 Rand. (Va.) R. 563; *Candler* v. *Lunsford*, 4 Dev. & Bat. (N. C.) R. 407. It is equally well settled, that an estoppel *in pais* is created by the acceptance of possession under a deed, only when the deed is accepted in one of those relations which imply an obligation to return the possession, and a sort of allegiance to him under whom, or in subjection to whose interests, it is held; such as, in the relation of landlord and tenant, trustee and cestui que trust, mortgagor and mortgagee. Per Baldwin, J., *Williston* v. *Watson*, 3 Pet. 47, 48; *Blight's Lessee* v. *Rochester*, 7 Wheat. 548; *Watkins* v. *Holman*, 16 Pet. 53, 54. Even in one of these relations, as of landlord and tenant, it exists only when possession has been received under the lease, and does not continue after the landlord's title has determined, or the tenant has been either actually or constructively evicted. *Doe* v. *Barton*, 11 Ad. & El. 307; S. C. 39 Eng. C. L. R. 99; *Doe* v. *Smith*, 4 M. & S. 347; *Doe* v. *Edwards*, 5 Barn. & Ad. 1065; *Doe* v. *Mills*, 2 Ad. & El. 17; *Doe* v. *Birchmore*, 9 Ib. 662. It is an extension of such an estoppel quite beyond its reason, to apply it to the ordinary relation of grantor and grantee, where the latter, claiming by virtue of his own purchased right and having paid his money for his title, is under no obligation whatever to his grantor, or to the widow claiming by virtue of his grantor's seisin, in regard to it. As said by Mr. Justice Wilde, (*Small* v. *Proctor*, 15 Mass. 499,) " The grantee may be permitted to show that his grantor was not seised, as is every day permitted in actions of covenant."

Indeed, it would seem little short of an absurdity to hold, that a party receiving possession under a deed is equitably estopped, as long as his possession continues, to deny the seisin of his grantor, because, along with the possession, he took covenants of warranty to guard him, as far as damages might, against the contemplated possibility that his grantor might not ultimately prove to be entitled to that which he affected to convey. And see *Smith* v. *Strong*, 14 Pick. 148; *Barker* v.

*Talman,* 2 Metc. 32; *Osterhaut* v. *Shoemaker,* 3 Hill, 519; *Sparrow* v. *Kingman,* 1 Comst. (Appeals) R. 252–254; *Kenada* v. *Gardner,* 3 Barb. Sup. Ct. R. 589. The claim to dower, here pretended, finds as little support in the theory as in the pleadings of this case, and the bill must be dismissed with costs.