ANNA L. KENYON *vs.* THOMAS E. KENYON *et als.*

In equitable proceedings for the assignment of dower, the administrator of the deceased husband is not entitled to become a party.

Under Pub. Stat. R. I. cap. 229, § 1, a widow is dowable out of lands, etc., "whereof her husband or any other to his use was seized of an estate of inheritance at any time during the intermarriage."

By testamentary provision, A. and his heirs took an estate in certain realty for the life of D. in trust for D., and D. took a vested remainder in fee expectant on the determination of A.'s legal estate for the life of D.

*Held*, that D.'s widow was not entitled to dower in this realty.

A bill in equity for the assignment of dower is demurrable when, instead of charging that the complainant's husband or some other to his use was, at some time during the intermarriage, seized of an estate of inheritance in the lands out of which dower is claimed, it merely charges that the husband "had the use and enjoyment of the same and occupied the same as his homestead."

BILL IN EQUITY for the assignment of dower. On petition of Thomas A. Pierce, administrator of the complainant's deceased husband, for leave to become a party to the suit, and subsequently on demurrer to the bill.

*Providence, November* 21, 1891. PER CURIAM. This is a bill for the assignment of dower. The administrator of the deceased petitions to be allowed to become a party to the suit. We do not think the petition should be granted. Upon the decease of an intestate the title to his lands vests in his heirs at law, subject to the statutory charge for the payment of debts. The administrator has no interest whatever in the land. Though he may obtain leave from the Court of Probate to sell the land if needed to pay debts, such leave is a mere license or power to sell, the title to the land remaining in the heirs until divested by the sale.

*Petition dismissed.*

The bill was demurred to, and the demurrer was then heard.

*Providence, July* 2, 1892. MATTESON, C. J. This is a bill for the assignment of dower. It sets forth that the complainant is the widow of Daniel C. Kenyon, deceased, who died intestate and without issue November 25, 1887 ; that he was the only child and heir at law of George C. Kenyon, who died in 1874, leaving a last will and testament, which was duly admitted to probate ; that the said George C. Kenyon, before the execution of his will, was seized in his demesne as of fee of several parcels of land in East Green-

wich, with the buildings and improvements thereon, particularly described in the bill, the first three of which constituted the homestead estate of the said George; that the said Daniel, from and after the death of his father until his own, had the use and enjoyment of and occupied the same as his homestead estate; and that the complainant since the death of her husband has remained in the possession and occupation of the dwelling-house thereon and messuage adjacent; that the defendants are the heirs at law of said Daniel of the blood of his father; that, more than one month before the filing of this bill, the complainant demanded of the defendants the assignment of her dower as such widow, but that they have refused and still refuse to comply with her demand. The bill prays that she may be decreed to be entitled to dower in all of the lands, that it may be assigned and set off to her together out of the homestead estate, and for general relief.

The respondents have demurred to the bill.

Pub. Stat. R. I. cap. 229, § 1, provides that "the widow of any person dying intestate or otherwise shall be endowed of one full and equal third part of all the lands, tenements, and hereditaments whereof her husband, or any other to his use, was seized of an estate of inheritance, at any time during the intermarriage, to which she shall not have relinquished her right of dower by deed, except in the cases provided for in section twenty-three of this chapter." The exception refers to cases in which real or personal estate has been conveyed by deed, or bequeathed or devised, for the jointure of the wife in lieu of dower.

In support of the demurrer it is contended that the bill is insufficient in that it nowhere sets forth that the complainant's husband, or any other to his use, was seized of an estate of inheritance, at any time during the intermarriage, in the lands in which the dower is claimed, but merely alleges, concerning three of the tracts described in the bill, that the husband, from and after the death of his father until his death, "had the use and enjoyment of the same and occupied the same as his homestead." We think the point is well taken. The allegation amounts merely to an allegation that Daniel C. Kenyon had possession of the land in which dower is claimed; but possession alone in the husband is not enough to confer the right of dower, since that might be held, irrespective of any title or ownership, by a mere trespasser.

But passing this question, and assuming for the present purpose that the allegation is sufficient, let us consider the real question in the case, whether the estate of Daniel C. Kenyon in the lands in suit was such as to entitle the complainant to dower. His title to the lands was derived from his father. The will of the latter was before us for construction in the case *Kenyon, Petitioner, ante,* p. 149, where the will is printed at length. It was there held that under said will the trustee, Simeon F. Perry, and his heirs took an estate in the property for the life of Daniel C. Kenyon, in trust for him ; and that said Daniel took a vested remainder in fee, expectant on the determination of the trustee's legal estate for the life of said Daniel. It seems to be settled beyond controversy that a widow is not dowable out of land in which her husband had at any time during the coverture no other estate than a reversion or remainder in fee, expectant on the determination of a prior estate for life. The reason is, that the seizin, which is essential to confer the right to dower, is annexed to the prior life estate. At common law, there could be no livery to the remainder-man or reversioner, but the livery to the particular tenant inured to his benefit, and he was deemed to be " entitled " to the reversion or remainder, rather than " seized " of it in the strict sense of the term. *Gardner* v. *Greene,* 5 R. I. 104, 108. In this case it is said that the reason given by Lord Coke why the wife should not be entitled to dower in a reversion, " albeit it is within the word ' tenement,' is, because there was no seizin in deed or law of the freehold." 1 Institute, 32 a. To entitle a widow to dower, therefore, it is necessary that at some time during the intermarriage the freehold and inheritance should be united in the husband. In 1 Scribner on Dower, 231, it is said that, " in order to render a wife dowable, the freehold and inheritance are required to be in the husband *simul et semel,* ' at once and together.' They must meet in him as one integral estate, and not as several or successive estates." Unless, therefore, the life estate is terminated during the intermarriage, so that the husband becomes not merely entitled to, but actually seized of, the inheritance, as for instance by the death of the life tenant or by a surrender of the life estate to him, the widow is not dowable. If we apply these principles to the case before us, we find that the seizin was annexed to the freehold estate, vested in the trustee and

his heirs, for the life of Daniel C. Kenyon, the latter having merely an equitable estate for life, and a vested remainder in fee expectant upon the determination of the estate of the trustee. To entitle the complainant to dower, it must appear that the freehold and inheritance were in some way and at some time during the intermarriage vested in her husband. The different qualities of the equitable life estate and of the legal remainder in fee held by him prevented these estates from merging in him; and the fact that the legal estate of freehold, vested in the trustee and his heirs, was to continue during the life of the husband prevented the possibility of that freehold vesting in him during his life. It is doubtless true that the trustee might have surrendered the legal estate to his *cestui que trust* and *cestui que vie*, or that the latter might, by appropriate proceedings, have compelled the conveyance by the trustee of the legal estate of freehold to himself, and that in either of these events the complainant would have been entitled to her dower. But neither of these things occurred, and the result is that, as the estate of which the trustee and his heirs were seized to the use of the husband was merely an estate for the life of the husband, and not an estate of inheritance, and as the freehold and inheritance did not become united in the husband during the intermarriage, that the complainant is not dowable, neither her husband, nor any other to his use, having been seized of an estate of inheritance in the land during the intermarriage.

The bill must, therefore, be dismissed.

*Bill dismissed.*

*James Tillinghast & Theodore F. Tillinghast,* for complainant.

*Samuel W. K. Allen & Charles J. Arms,* for different respondents.