Fackson, J.
The evident intent and meaning of the parties, as *448 expressed in the instrtiment, must determine whether the covenants are independent or conditional.
The defendant covenanted that he would purchase the land in question, and pay for it the sum of 920 dollars, in four years, with interest annually. The plaintiff’s intestate covenanted that he would deliver a deed of conveyance to the defendant, upon his paying the money “ at the time or times above named.” Omitting, for the present, the consideration of the annual interest, it is manifest that the acts to be performed by both the parties were intended to be simultaneous. The defendant was to pay his money for the land; he did not intend to pay at the end of the four years, if the plaintiff should then refuse to deliver the deed. On the other hand, the plaintiff’s intestate was to deliver the deed upon receiving the money ; he did not intend to convey the land unless the defendant should pay the money. These were mutual conditions ; and neither party could complain of the default of the other until he had offered to perform his part of the agreement.
The only doubt, in the present case, arises from the covenant, on the part of the defendant, to pay the interest annually. If he had covenanted to pay any substantial part of the consideration money before the delivery of the deed, that would show that he relied on the covenants of the intestate, and that he did not intend to make the performance by the intestate the condition of performance on his part. If, for example, he had covenanted to pay the price in four annual instalments, whether with or without interest, the case would be like that of Terry & Al. vs. Duntze; (7) and he would be compelled to pay, whether the land was * conveyed or not. But this case, and the others like it, do not establish a new principle of law. They only show that, under-such circumstances, the courts understand that the parties did not intend that one covenant should be a condition precedent to the other. But this construction may be repelled and disproved by other parts of the instrument, and other circumstances in the case; and if it appears, on the whole, that any substantial part of the agreement on one side was to be performed only on condition of performance on the other, the Court is bound to construe the covenants accordingly, whatever may be the order in which they are placed in the instrument, or the manner in which they are expressed.
Now, in the present case, it is material to observe that the defendant was already in possession of the land to ne conveyed, at the lime of executing the instrument. It appears that he was to con *449 tinue in possession during the four years. The annual interest, therefore, which he was to pay, was, in fact, by way of rent; and we can have no doubt that this was the understanding and intent of the parties. He would receive the consideration for which this interest or rent was to be paid, whether the land was finally conveyed to him or not; and he therefore covenants to pay it, without reference to the expected conveyance. This interest, therefore, does not appear to us to be a substantial part of the price to be paid for the conveyance of the land. The price was to be paid when he received the deed ; the deed not having been delivered nor ten dered, the plaintiff cannot recover the price.
But, upon the construction which we give to the contract, the plaintiff was entitled to sue for and recover the interest, at the end of each of the first three years; and nothing has since occurred to bar that right. He may, therefore, recover it in this action.
As to the interest for the fourth year, that was to be paid, together with the principal, on receiving the deed In one view, this may be considered to be equitably due, as *much as the interest for the three preceding years. But the parties have thought fit to make the last payment of interest, as well as the payment of the principal sum, depend on the condition of his receiving a deed at that time. If they had agreed explicitly that he should pay 920 dollars for the land in four years, and that he should pay rent for the mean time, at the rate of 55 dollars 20 cents per annum ; but that the whole should be postponed to the end of four years, and then paid only on condition of his receiving a conveyance, there would be no doubt as to the lights of the parties. Now, as we understand the contract, they have made an agreement of this kind, as to the interest for the last yeai.
It is not, however, necessary to settle this point now ; as our opinion is, that the declaration is good, and that the plaintiff is entitled to recover some damages; and the damages may be assessed by a jury, if the parties require it. We have suggested our present opinion upon that subject, according to the facts appearing on the record ; in order that, if there are no further facts relating to this point, the parties may liquidate the damages, if they think fit, without further trouble or expense, (a)

 2 H. Black. 389.

 Covenants, as they are affected by each other in the same deed, may be divided into three .classes. First, there are covenants which are conditions, and dependent, in which the performance of one depends on the prior performance of another; and therefore, till the prior condition be performed, the other party is not liable to an action on his covenant. Secondly, there are others which are mutual conditions, to be performed at the same time ; they are also termed concurrent covenants ; and in these, if one party is ready, and offers to perform his part, and the other neglects or refuses fcs *450 perform his, he who is ready and offers has fulfilled his engagement, and may maintain an action for the default of the other, though it is not certain that either is obliged to do the first act. The third sort are called mutual or independent, when either party may -recover damages from the other for the injury he may have received by a breach of the covenants in his favor, and where it is no excuse for the defendant to allege a breach of the covenant on the part of the plaintiff. The dependence or independence 'of covenants is to be collected from the evident sense and meaning of the parties; and, however transposed they may be in the deed, their precedency must depend on the order of time in which the intent of the transaction requires their performance. To .discover the intention of the parties is therefore the chief object; and, to that end, a consideration of the following rules, extracted from the leading cases, will be of material service. First, where mutual covenants go to the whole of the consideration on both sides, they are mutual conditions, the one precedent to the other. Secondly, when a day certain is appointed for the payment of the money, if the said day is to occur after the time in which the consideration ought to be performed for which the money is made payable, the performance of the consideration is a condition precedent to the payment of the money, and ought to be averred in an action brought for the money. Thirdly, where mutual covenants go to a part only of the consideration on both sides, and where a breach may be paid for in damages, the defendant has a remedy on his covenant, and shall not plead it as a condition precedent. Fourthly, if a day be appointed for the payment of money, and the day comes before the thing for which the money is to be paid can be done, then, though the agreement be to pay the money for the doing of the thing, yet an action may be brought for the money before the thing is done, because the agreement is positive that the money shall be paid at the appointed day, and it is presumed that the party intended to rely on his remedy, and not to make the performance a condition precedent. — Platt on Cov. p. 79—96.
Among the cases of the first class are The Duke of St. Albans vs. Shore, 1 H. Bl. 270. — Large vs. Cheshire, 1 Vent. 147. — S. C. 2 Keb, 801. — Morris vs. Knight, Sugd. Vend. and Pur. 219, 6th ed.— Thomas vs. Cadwalder, Willes, 496.—Reab vs. Moore, 19 Johns. 337.
Among the cases of the second class, are Smith vs. Wilson, 8 East, 437. — 6 M. & S. 78.— Cook vs. Jennings, 7 T. R. 381. — Thomson vs. Brown, 7 Taunt. 656. — 1 J. B. Moore, 358.— Gibbon vs. Mender, 2 B. & A. 17. — Byrne vs. Patterson, Abbot on Shipping, 335, 5th ed. — Lock vs. Wright, 1 Str. 599.—8 Mod. 40.
Among the cases of the third class, are Boone vs. Eyre, 1 H. Bl. 273, note. — 2 W. Bl. 1312. — Fothergill vs. Walton, 8 Taunt. 576. —2 J. B. Moore, 630. — Campbell vs. Jones, 6 Tenn. 570.— Carpenter vs. Creswell, 4 Bingh. 409. — 1 M. & P. 66.
Among the cases of the fourth class, are Pordage vs. Cole, 1 Sound. 319. — 1 Sid. 423. — 1 Lev. 274. — T. R. 183. — 2 Keb. 533, 542. — Walker vs. Harris, 1 Anst. 245 — Terre vs. Duntre, 2 H. Bl. 389. — Back vs. Owen, 5 T. R. 409. — Russen vs. Coleby, 7 Mod. 236.