## JULIA A. FOSTER *versus* RUFUS DWINEL.

A mortgagee, who had taken possession for the purpose of foreclosure, but, before the foreclosure was perfected, quitclaimed his right, had not such a seizin as will entitle his widow to dower in the mortgaged estate, notwithstanding the latter became absolute in his grantee, by the failure of the mortgager to redeem.

Although the tenant claims title under the deed of the mortgagee, in an action by his widow for dower, he will not be estopped from showing that her husband's seizin was only that of a mortgagee.

ON STATEMENT OF THE CASE BY THE PARTIES.

THIS was an action for DOWER in a parcel of real estate, in Bangor, called the Coombs wharf. The plaintiff is the widow of Samuel J. Foster, and claims that her husband was seized of one-third of one-fourth of the estate, and that she is entitled to dower therein.

It is agreed that in 1835 Royal Clark conveyed the premises, in mortgage, to Ephraim Lincoln, Samuel J. Foster and Benjamin Brown. The mortgagees commenced a foreclosure and took possession of the premises under a writ of *habere facias*, on the 24th day of February, 1838, and held and occupied the same, until the 23d of February, 1841, when the said Lincoln, Foster & Brown, by their deed of warranty,* of that date, conveyed the premises to Benjamin Lincoln, under whom Dwinel, the tenant, through sundry mesne conveyances, now claims.

The case is submitted to the full Court to determine, (1,) whether the defendant is not estopped from denying such seizin in the demandant's husband as will entitle her to dower; and, (2,) if not so estopped, whether the demandant's husband was not possessed of such a seizin, as in law would entitle her to dower.

The Court to enter judgment on default, or nonsuit, as the legal rights of the parties shall require.

*J. Granger,* for the plaintiff.

---

* On being produced it was found to be a quitclaim.

1. The tenant, deriving title to the premises of which dower is claimed through demandant's husband, is estopped to deny his seizin. *Smith* v. *Ingalls*, 13 Maine, 284; *Bancroft* v. *White*, 1 Caines, 185; *Hitchcock* v. *Carpenter*, 9 Johns., 344; *Nason* v. *Allen*, 6 Maine, 214; *Hains* v. *Gardner*, 1 Fairf., 383; *Thorndike* v. *Spear*, 31 Maine, 91. See, also, *Lincoln* v. *White*, 30 Maine, 291.

2. Demandant's husband was, in fact, seized of an estate in fee simple. *Hunt* v. *Hunt*, 14 Pick., 374.

An indefeasible estate in the husband is not essential to his right of dower of the widow. If the estate was not defeated, but became absolute in the grantee of demandant's husband, she was entitled to dower.

*J. A. Peters*, for the defendant.

On examination, the deed from Foster and others will be found to be merely a quitclaim, not a warranty, as the case states.

Foster claimed only under a mortgage, and, at the time of his conveyance, his foreclosure had not been perfected. The conveyance, whether by deed of quitclaim or warranty, was operative only as an assignment of the mortgage. *Hunt* v. *Hunt*, 14 Pick., 382; *Ruggles* v. *Barton*, 13 Gray, 506; *Crooker* v. *Jewell*, 31 Maine, 306; *Lincoln* v. *White*, 30 Maine, 291.

Until a mortgage is foreclosed, there can be no dower in the mortgagee's estate. 4 Kent's Com., 43; Washburn on Real Property, 163; *Smith* v. *People's Bank*, 24 Maine, 185.

The statute provides, that the widow shall be entitled to dower "in the *lands* of her husband." R. S. c. 103, § 1. But a mortgage, not perfected, is not an interest in land, but a *chattel*. 24 Maine, before cited; *Gore* v. *Jenness*, 19 Maine, 53.

The defendant is not estopped to show, that demandant's husband was seized only *in mortgage*. He was seized, but not of an estate which entitled the wife to dower.

It has been decided in New York, and other States, that the grantee is not estopped from showing that the husband was not seized of such an estate as to entitle the wife to dower. *Sparrow* v. *Kingman*, 1 Comst. R., 242; *Finn* v. *Sleight*, 8 Barb., 401.

Kent, in his 9th edition of Commentaries, 4th vol., starred page 38, in note, corrects or explains his text in accordance with the doctrine of these cases, and states that *Bowne* v. *Potter*, 17 Wendell, 164, is, so far as inconsistent therewith, overruled. See Washburn on Real Property, under the chapter upon dower, for a general summary of the cases upon this point.

But it has been decided in this State directly. *Gammon* v. *Freeman*, 31 Maine, 243.

But no estoppel works from a quitclaim. *Ham* v. *Ham*, 14 Maine, 351; *Partridge* v. *Patten*, 33 Maine, 483; *Pike* v. *Galvin*, 29 Maine, 183.

The opinion of the Court was drawn up by

Kent, J.—The issue joined in this case, is upon the seizin of the husband during coverture. The defendant denies that the husband was so seized of a dowable estate.

Two questions arise,—1st, is the defendant estopped from denying such seizin, and from establishing by proof, that the husband's seizin was such that no right of dower ever existed?—2d, if not, was the seizin of the husband, on the facts agreed, such as to give a right to dower in the premises?

In relation to the first point, we find that the tenant has derived his title from the husband through mesne conveyances, the deed from the husband and two others having been given to Benjamin Lincoln, from whom the title has passed to defendant. It is insisted, in the first place, that the tenant is estopped to deny that the wife is entitled to dower, because the tenant has and claims title derived from the husband; and this, without reference to the nature of the conveyance from the husband, whether by deed of war-

ranty, or a mere release or quitclaim. It is contended, that, when the tenant holds under a conveyance from the husband, whatever its form, he is estopped from controverting the seizin of the husband, and, from showing that it was not such as to entitle his wife to dower. The doctrine asserted goes beyond the rule, that the production of a deed of conveyance from the husband, and evidence that the tenant claims and holds under that deed, is, *prima facie*, sufficient to establish the claim of the widow to dower, if uncontrolled, but it claims that it is not to be controlled by any evidence, and that the doctrine of estoppel comes in and excludes absolutely every other fact.

It is, undoubtedly, true, that this principle is to be found, more or less directly asserted, in many cases in this State, and in New York and other States. *Kimball* v. *Kimball*, 2 Greenl., 226; *Nason* v. *Allen*, 6 Greenl., 243; *Smith* v. *Ingalls*, 13 Maine, 284; *Hains* v. *Gardner*, 10 Maine, 383; and other cases. *Bancroft* v. *White*, 1 Caines, 185; *Hitchcock* v. *Harrington*, 6 Johns., 290; *Bowne* v. *Potter*, 17 Wen., 164; and several other cases in New York.

It is equally true, that, in New York, this doctrine, which had been deemed settled there for forty years, has been overruled, and the contrary doctrine fully established. *Sparrow* v. *Kingman*, 1 Comstock, 242; *Finn* v. *Sleight*, 8 Barbour, 401.

In our own State, in the case *Gammon* v. *Freeman*, 31 Maine, 243, the point was made, and thus disposed of by SHEPLEY, C. J. : "It is insisted that the tenant is estopped to deny the seizin of the husband, as he holds the estate by a title derived from him. While he may not be permitted to deny that the husband was seized, he may be permitted to show the character of that seizin, and that it was not such that his widow would be entitled to dower." This principle is indicated in *Campbell* v. *Knights*, 24 Maine, 232. The same doctrine is found in *Moore* v. *Esty*, 5 New Hamp., 479.

In the last edition of Kent's Commentaries, vol. 4, p. 38,

(in a note,) it is stated, that the law in New York is now established as declared in the recent cases. In the able and instructive work by Prof. Washburn, on real property, the author evidently doubts the soundness of the early decisions, and inclines to consider the recent decisions to be in accordance with the doctrines of the common law, and the principles on which they are based. See, also, *Gardner* v. *Greene*, 5 R. I., 104, hereafter more fully stated.

In this state of the authorities, we may be at liberty to consider the questions raised in this case as in doubt, and the former decisions as shaken, if not overruled. We may the more properly do so, when we find that such able jurists as Judge COWEN and Judge BRONSON, of New York, whilst yielding to the apparent force of the earlier authorities, both admit that the doctrine of estoppel, in their judgment, was improperly applied to cases of dower, and cannot be sustained upon principle. 2 Hill, 308 ; 1 Comstock, 242.

If the tenant is estopped, it must be because his grantors *accepted* a deed from plaintiff's husband. Why should that fact estop the defendant from showing that the husband was not seized in such a manner as to give a right of dower? It is unnecessary to go over all the learning and all the nice distinctions to be found in the books and in adjudged cases. The definition given by Lord COKE of an estoppel, is not calculated to recommend it to one in search of truth and the right of the case. "An estoppel is where a man is concluded by his own act or acceptance to say the truth."

It is, nevertheless, a doctrine, when strictly guarded and applied, of essential importance, and perfectly just and reasonable. It is based on the great principle of right, that a man shall not be permitted to contradict what he has solemnly affirmed under his hand and seal ; nor shall he deny any act done or statement made, when he cannot do so without a fraud on his part and injury to others. When a person gives a deed he is not allowed to deny or contradict any thing distinctly stated as a fact. There must be certainty of allegation, and a particular and not a general recital.

Roll. Abr. Estoppel, pl. 1—7; 1 Show., 59; *Doe* v. *Bucknell*, 2 Barn. & A., 278.

But this is a case of *accepting* not *giving* a deed. There has been some obscurity introduced into the cases by not distinguishing between a deed indented and a deed poll. An indented deed is considered as the deed of both and of each party, and the statements and recitals therein, the words of each, and therefore both are bound and estopped thereby. 1 Shep. Touch., 53. But a deed poll is of one part, and is the deed and language of the *grantor* only. Co. Litt., 47, b. 363, b.

But there may be an estoppel *in pais*, "by acceptance of an estate." Co. Litt., § 666–7. This rule applies to cases where, by denying the title, the rights of the landlord, or some party, would be injuriously affected thereby. As when a deed accepted creates the relation which imposes on the grantee a duty or obligation, express or implied, at some time, or in some manner, to surrender the premises to the grantor or his heirs or assigns, as landlord and tenant, trustee, mortgager and mortgagee. There must be remaining some right in grantor and some duty towards him in grantee, in relation to the surrender of the estate. *Williston* v. *Watson*, 3 Pet., 47; *Watkins* v. *Holman*, 16 Pet., 53; *Doe* v. *Barton*, 11 Ad. & El., 307. A grantee in fee is under no such obligation. *Fox* v. *Widgery*, 4 Greenl., 218; *Small* v. *Proctor*, 15 Mass., 499; *Sparrow* v. *Kingman*, 1 Comst., 248.

A man who takes a warranty deed in fee, is not estopped from denying the seizin of his grantor, or from alleging his want of title, or the existence of incumbrances. If he were, no action could be maintained on the covenant of seizin, or on any covenant in the deed. *Small* v. *Proctor*, above.

It is now settled in this State, (overruling the case of *Fairbanks* v. *Williamson*, 7 Greenl.,) that where a party has given a quitclaim deed, he is not estopped from setting up his title subsequently acquired, unless by so doing he is obliged to deny or contradict some fact alleged in his former conveyance. *Pike* v. *Galvin*, 29 Maine, 185. It follows,

*a fortiori*, that a grantee who merely *takes* a deed cannot be estopped to deny the title, or to acquire a new and independent one, unless by so doing his acts work a fraud and injury upon the legal rights of some other person, *Right* v. *Bucknell*, 2 Barn. & Ad., 278.

It is a well settled rule, that estoppels must be *mutual*, i. e., both parties must be bound. In the case of *Grant* v. *Wainman*, 3 Bingham, N. Cases, 69, it appeared that the tenant took land from the assignees of the demandant's husband, by a deed which described them as *freehold*, and it was held that he was not estopped by taking that deed, as against the demandant *in dower*, from proving that the estate was in fact *leasehold*, in which the widow was not entitled to dower. The reason given is, that every estoppel must be reciprocal, that it must bind both parties, (Co. Litt., 352, A,) — that, in this case, if the defendants had taken a deed of the premises as *leasehold* only, when in fact they were *freehold*, the widow would not be estopped from proving the fact, notwithstanding the recital in the deed. The ground of this decision seems to be, that the wife or widow is not a party or privy to the conveyance. Her claim is by a title paramount and distinct, and therefore she is not estopped, and, on the doctrine of mutuality, the tenant cannot be estopped.

If the husband, in our mode of conveyance, should describe, in his deed, his estate as one for life or a term of years, when in fact he had a fee, his widow might claim dower, and sustain her claim by proof of the facts. *Campbell* v. *Knights*, 24 Maine, before referred to.

In this last named case it appeared that the demandants were mortgagees and the husband only mortgager ; that, after the death of the husband, his administrator sold his right in equity under license ; that, prior to such sale, the widow's dower in these premises had been set out to her. The mortgagees purchased the equity at the sale by the administrator, and took a deed from him, in which were these words, " reserving from the conveyance the widow's dower, which has

been assigned and set out heretofore." It was contended that the demandants, by accepting a deed with this reservation, were estopped to deny that the dower had been properly assigned, and that the widow was entitled to dower as against them. The Court held, that the admission could not be extended beyond its exact terms; that estoppels are mutual; that, in this case, the clause did not admit, as respected themselves as mortgagees, that her husband died seized, or that she was entitled to dower in the premises, and that they were not precluded from establishing a title which may be good and not inconsistent with their admissions; that, if their title under the mortgage was still outstanding, they would be entitled to recover, even as to the part set off as dower, and the widow must redeem to be entitled to dower. The case of *Gardner* v. *Greene*, 5 R. Isl., 104, is directly in point. It is there held, that the acceptance of a deed poll, conveying, with covenants of warranty, lands purchased, and taking and holding possession under it, do not estop the grantee from disputing the grantor's title to such lands, prior to and at the time of the conveyance, upon a subsequent claim of *dower* in the lands by the widow of the grantor.

The reasoning of the Court in this case fully sustains the ground taken by the tenant in the case before us.

If we depart from technical rules, and inquire what there is in the nature of an estate in dower that should give it this right of *creation* out of the mere fact that the tenant, or those under whom he holds, took a title from the husband, we may be at a loss to discover any substantial reason. We have seen that a widow cannot be defeated of her dower by any declarations or recitals of her husband. Why should she be allowed, as against the truth, to create this right when it never existed, by the mere fact that a title of some kind has been taken from the husband. If it were true, that every seizin of the husband, which gave him a right to *convey* an estate or interest in it, was necessarily a *dowable* seizin, there would be more force in the argument. But

this is not true. A man may have only the estate and right of a mortgagee, which will not give dower, and yet he may properly give a deed of the premises. *Hutchins* v. *Carlton*, 19 N. H., 487; 15 N. H., 55. There are many other cases where the title in the husband may give him a seizin and a right to convey his interest, and yet not in law give the wife a right of dower.

The right of dower is an *inchoate* right. It lies dormant during the life of the husband. It may never become operative. It is not, properly speaking, any part of the husband's estate during his life. It is an independent inchoate right in his estate, if his seizin is such as to give the right of dower after his death. *Barbour* v. *Barbour*, 46 Maine, 1.

It would seem to be a great stretch of the doctrine of estoppel to say, that by *accepting* a deed from the husband, which in no way alludes to the matter of dower, or to the existence of a wife of grantor, the tenant is not only estopped from denying an actual seizin of the husband, sufficient to enable him to give the deed, but is also estopped from denying that the seizin was such as to give a third person an independent right in the estate, although in truth no such seizin ever existed; thus creating an estate by a rule of law, where none ever before existed.

But, looking at the case before us, on the ground that the defendant *is* estopped from denying any thing expressly and particularly set forth as statement, in the deed which he received, the question arises, what *is* thus stated in the deed from the husband? Is there any admission of a seizin in the husband which will give the wife dower?

No man is estopped where the truth appears in the same deed. Co. Litt., 352, b.; Com. Dig., Estoppel, E, 2. The language of the deed is this, "meaning hereby to convey the same premises which was conveyed to us by Ransom Clark, by his mortgage deed, dated July 11th, 1835, and recorded in Penobscot Registry, vol. 71, page 142."

If the tenant is estopped by the recital, what is that re-

Foster *v.* Dwinel.

cital? Is it any thing more than that the title of the husband was that of mortgagee?

There is no averment that the mortgage had been foreclosed, and the admission cannot be carried beyond what is affirmed " with certainty and particularity." The title and seizin named is not such as gives a right of dower, being only the title of a mortgagee.

The tenant's grantor *accepted* only such an estate as is described in terms, in the deed, and, in any event, an estoppel cannot arise by the assumption of the existence of any fact not clearly and distinctly stated in the deed. On the deed itself, therefore, no estoppel arises in this case.

If the tenant may be allowed to prove the nature and extent of the seizin of the husband, and to show that it was not a dowable seizin, (as we think he may,) the facts agreed upon show that the husband never had any other title or interest in the premises than that of a mortgagee, who had entered for foreclosure but had not perfected it. The deed from the husband was delivered before the expiration of the three years after entry to foreclose. This deed upon inspection appears to be a quitclaim, and not a warranty deed, as stated in the report of the case.

It is well established law that the wife of a mortgagee cannot claim dower in an estate, until the same is foreclosed by the husband. 4 Kent's Com., 43 ; 4 Dane's Abr., 671 ; Washburn on R. Actions, c. 7, § 15.

The husband in this case was never so seized as to give his wife a right to dower in the premises.

*Plaintiff nonsuit.*

TENNEY, C. J., RICE, APPLETON, CUTTING and MAY, JJ., concurred.