CHARLES C. HEISEN

*v.*

MYRTLE C. HEISEN *et al.*

*Filed at Ottawa, June 19, 1893.*

1. DOWER—*husband's dower, same as that of a wife.* The legislature having abolished tenancy by the curtesy, and conferred upon the husband the right of dower in his wife's lands in general terms, without the use of words showing an intention to enlarge the right of the husband beyond that granted to the wife, it will be presumed that the same right was intended to be conferred upon each, and that the dower right so conferred is such as had previously existed in this State in favor of widows of deceased owners of lands.

2. SAME—*nature of right before assignment.* The right of dower in a wife is an inchoate expectancy during coverture, maturing upon the death of the husband into a right of action to have admeasured to her her dower in the lands of which he had been seized, and to which her dower had not been released. After the death of the husband, and before the assignment, the right rested in action merely, was not an estate in the land, nor did it give the dowress the right of entry.

3. The right of dower can exist only in the person upon whom it is cast by operation of law. It may be released so as to unite with the fee, but is not subject to alienation before assignment. The right of a husband to dower in his wife's lands, under the statute of 1874, before assignment, is not an estate in the lands, but a right of action to demand assignment of his dower. What is said in *Crum* v. *Sawyer*, 132 Ill. 443, contrary to the above, is *obiter dictum*, and not accurate.

4. SAME—*release by husband—estoppel to assert.* The husband, being *sui juris* and under no disability, may release his inchoate expectancy or his right of action for dower, or bar recovery in respect thereof, the same as he may release or bar any other expectancy or right.

5. SAME—*estoppel of widow to assert.* After the death of a husband the widow is *sui juris*, and the doctrine of estoppel applies to her acts as to those of other persons. After the death of the husband the widow may, by acts which are sufficient to work an estoppel in ordinary cases, bar her right of dower without any formal release.

6. SAME—*barred by taking lease of the land.* If a husband or wife entitled to dower in the lands of his or her deceased wife or husband accepts a lease for his or her life of the lands out of which dower is sought, this will operate as a bar; if taken for years only, it will operate as a suspension of the right of action during the term. If less than

the whole estate is included in the term, the lessee will be endowable out of the residue only.

7. SAME—*when assigned without report of commissioners.* When either the condition of the title, out of which the dower arises, or the physical condition of the estate, renders the setting off of the dower by metes and bounds impracticable, dower is, under the statute, to be allotted out of the use, rents, issues or profits. When the court finds that the premises out of which dower is sought, is a mill, or other tenement not capable of division without damage to the whole, the appointment of commissioners will be a useless and unnecessary expense. In such case the statute contemplates a finding of the fact by the court.

8. In this case, the court found from the evidence that the lot was occupied by a residence building, and "that the same can not be divided without damage to the whole and without great injury to said premises," and then assigned dower out of the rents, issues and profits to be received by the tenant, in common with the owner of the fee, without appointing commissioners to report: *held*, that there was no error in the proceeding.

9. LANDLORD AND TENANT—*estoppel of tenant to dispute landlord's title.* While the tenant may be permitted to show that the title of his landlord has determined, yet he will not be permitted to dispute the title under which he entered.

10. SAME—*when lease binds both parties.* When a lease is made by deed indented, then both parties thereto are concluded; but if it be by deed poll, the lessee is not estopped to say that the lessor had nothing at the time the lease was made.

11. GUARDIAN—*power over ward's land.* The power of a guardian over the real estate of his ward is confined to its leasing, maintenance and repair under the direction of the Probate Court. The ward can not be estopped by the void act of his guardian.

12. SAME—*no power to assign dower in his ward's land.* It is well settled in this State, as it must be under our statute, that a guardian has no power to assign dower in his ward's lands. Therefore, any attempt on the part of a guardian to assign dower, or to apportion the rents to the payment of dower, will be absolutely void.

13. PAROL EVIDENCE NOT ADMISSIBLE—*to vary terms of written contract.* Evidence of parol agreements and understandings antecedent to or cotemporaneous with the execution of an instrument under seal, is not admissible to vary the terms of the written instrument—a lease. If the parol evidence would have the effect to change a covenant for the payment of rent, it is inadmissible.

WRIT OF ERROR to the Superior Court of Cook County; the Hon. H. M. SHEPARD, Judge, presiding.

Mr. WILLIAM BRACE and Messrs. ALDRICH, PAYNE & DEFREES, for the plaintiff in error:

The doctrine that acceptance by the dowress of a lease for years from the heir operates as a suspension of the dower is not sustained by authority which would be regarded as controlling, nor is it consistent with reason or justice. Perkin's Pr. Book on Con., sec. 350; Lambert on Dower, 80; Viner's Abridgt., tit. Dower, 3 pl. 20; Bacon's Abridgt., tit. Dower, f. 382; Park on Dower, 214; 1 Roper on Husband and Wife, 562; Bracebridge's Case, Plowd., 417; Draper on Dower, ch. 6; Petersdorff's Abr., tit. Dower; 1 Wash. Real Prop., ch. 7, sec. iv; Tiedeman on Real Prop., tit. Dower; Am. & Eng. Ency. of Law, tit. Dower; *Sully* v. *Nebergall*, 30 Iowa, 339; *Metten* v. *Wiley*, 34 Iowa, 214; *McGuire* v. *Brown*, 41 Iowa, 655; *Bull* v. *Church*, 5 Hill, 506; 2 Denio, 430; Greening's note to sec. 350, Perk. Pr. Book; 2 Scribner on Dower, p. 260, note 2; Viner's Abr., Dower, x. 20 note; and 288, pl. 296 and 2, and 31 pl. 20; *Colt* v. *Bishop*, etc., Hobart Rep. 153.

Even if the doctrine were accepted and given full force, it has no application to a case like this, where the lease did not cover *all* the lands subject to dower. Greening's note to Perk. Pr. Book, sec. 350; 1 Roper on Hus. and Wife, p. 562; 2 Scribner on Dower, ch. 21, sec. 17; *Schnebley* v. *Schnebley*, 26 Ill. 116; Starr & Curtis' Ann. Stat., ch. 41, sec. 36.

The dower interest being a freehold, and the interest created by lease merely a chattel, the dower merged the lease *pro tanto*, and extinguished the rental reserved to the extent of one-third. 1 Washb. Real Prop., 254; *Walker* v. *Doane*, 131 Ill. 41; 1 Washb. Real Prop., ch. x, sec. 7; 2 Taylor, Landl. and Ten., ch. xi, sec. 4; *Hill* v. *Reno*, 112 Ill. 154, 163; Taylor, Landl. and Ten., sec. 502; Tiedeman, Real Prop., ch. 7, sec. 197; *Donk* v. *Alexander*, 117 Ill. 330; Bouvier's Law Dic., tit. Estate, sec. 34; 1 Washb. Real Prop., ch. 10, sec. 8.

The dower estate, notwithstanding it had not been assigned, had capacity to merge the estate for years. *Shoot v. Galbreath*, 128 Ill. 214; *Hart v. Burch*, 130 Ill. 431; S. & C. Stats., ch. 30, sec. 4; *Newkirk v. Cone*, 18 Ill. 449; *Chicago v. Vulcan Iron Works*, 93 id. 222; *Riggs v. Gerard*, 133 id. 624; *Lenfers v. Henke*, 73 id. 405; Bainbridge on Mines, 149; *Miller v. Woodman*, 14 Ohio, 518; *Finch v. Finch*, 10 Ohio St. 508; *Walker v. Doane*, 131 Ill. 27; *Hoots v. Graham*, 23 id. 81; Park on Dower, 340; Perkins' Prof. Book, sec. 350, note; 2 Scribner on Dower, ch. xi, sec. 18.

The lease does not operate as a suspension of dower on the ground of estoppel. Taylor on L. & T., sec. 708; *St. John v. Quitzow*, 72 Ill. 334; *Wells v. Mason*, 4 Scam. 84; *Hill v. Reno*, 112 Ill. 163; *Kane Co. v. Herrington*, 50 id. 232; 1 Taylor on L. & T., sec. 89; Bigelow on Estoppel, 506, 528, note, and p. 541; *Franklin v. Meride*, 35 Cal. 558; *McKie v. Anderson*, 78 Tex. 207.

This agreement was not merged in the lease, and may be proved by parol. Where a verbal contract is entire, and a part only, in part performance, is reduced to writing, parol proof of the entire contract is competent. 1 Greenleaf on Ev., sec. 284*a;* 2 Wharton on Ev., sec. 1015; *Hope v. Balen*, 58 N. Y. 382; *Barker v. Bradley*, 42 id. 319; *Ludeke v. Sutherland*, 87 Ill. 481; *Ruff v. Jarrett*, 94 id. 475; *Bradshaw, Admr.*, v. *Combs*, 102 id. 433; *Laflin v. Howe*, 112 id. 253; *Gammon v. Huse*, 100 id. 234; *Potter v. Hopkins*, 25 Wend. 417; *Batterman v. Pierce*, 3 Hill, 171; *Hutchins v. Hubbard*, 34 N. Y. 25; *Grierson v. Mason*, 60 id. 394; *Chapin v. Dobson*, 78 id. 74.

A contemporaneous collateral agreement may rest in parol and be shown by parol evidence. 2 Saunders' Pleading, 698; *Chapin v. Dobson*, 78 N. Y. 79; *Jeffery v. Walton*, 1 Stark. Rep., 385; *Mann v. Nunn*, 43 L. J. (C. P.) 241; *Angell v. Duke*, L. R. (10 Q. B.) 174; *Wilson v. Dean*, 74 N. Y. 531; *Gammon v. Huse*, 100 Ill. 241; *Robinson*

v. *McNeill*, 51 id. 225; *Ruff* v. *Jarrett*, 94 id. 475; *Lane* v. *Sharpe*, 3 Scam. 574.

Parol testimony is admissible to show the use of the paper, for the attempted purpose would be a fraud on the other party. 1 Bigelow on Fraud, 116; *Hovey* v. *Holcomb*, 11 Ill. 665; *Rearich* v. *Swinehart*, 11 Pa. St. 233; *Hooper* v. *Beale*, 90 id. 82; *Morrison* v. *Morrison*, 6 Watts & S., 516; *Mizner* v. *Kussall*, 29 Mich. 229; *Griersen* v. *Mason*, 60 N. Y. 394; *Hutchins* v. *Hubbard*, 34 id. 26; *Juilliard* v. *Chaffee*, 92 id. 529; *Schmittler* v. *Simen*, 114 id. 176; *Earle* v. *Rice*, 111 Mass. 17; *Glass* v. *Halbert*, 102 id. 35; *Bradford* v. *Union Bank*, 13 How. 57; *Jones* v. *Guaranty Co.*, 101 U. S. (11 Otto) 622; *Peabody* v. *Peabody*, 59 Ind. 556; *Sherman* v. *Sherman*, 3 id. 341; *Union Ins. Co.* v. *White*, 106 Ill. 73; *Bullock* v. *Battenhousen*, 108 id. 28; *Talcott* v. *Grant Wire and Spring Co.*, 131 id. 248.

If the contract that the lease should not be used to defeat the dower has been satisfactorily made out by the evidence, and is valid and provable notwithstanding that it rests in parol, its legal effect is to prevent the use of the lease for that purpose, although an infant is the owner of the property. Starr & Curtis' Ann. Stat., ch. 64, sec. 23; *Nichols* v. *Sargent*, 125 Ill. 309; *Sperry* v. *Fanning*, 80 id. 371; 1 Par. on Contracts, p. 121; *Field* v. *Herrick*, 101 Ill. 113; Starr & Curtis' Ann. Stat., ch. 64, sec. 19.

The duty of the guardian to manage the estate involves no obligation to augment it by unfair means, nor to interpose objections which will prevent a fair trial of the case. *McGuire* v. *Rogers*, 74 Md. 192.

As to the power of the guardian to assign dower for temporary purposes and until the majority of the ward: *Bonner* v. *Peterson*, 44 Ill. 253; *Strawn* v. *Strawn*, 50 id. 261; *Lenfers* v. *Henke*, 73 id. 411; 2 Scribner on Dower, ch. iv. sec. 11; *Jones* v. *Brewer*, 1 Pick. 314; *Young* v. *Tarbell*, 32 Me. 509; *Curtis* v. *Hobart*, 41 id. 230; *Boyers* v. *Newbanks*, 2 Carter, 388; *Robinson* v. *Miller*, 1 B. Mon., 88; *Robinson* v. *Miller*, 2 B. Mon., 284.

The court erred in decreeing dower as to the other parcel out of the rents and profits, instead of in the land itself. Starr & Curtis' Ann. Stat., ch. 41, secs. 34, 35, 38, 39; 2 Scribner on Dower, ch. iv, sec. 16.

Messrs. STILLMAN & LYONS, for the defendants in error:

A guardian can not assign dower in his ward's lands.  2 Kent's Com., 228, 226 and note; *Bonner* v. *Peterson*, 44 Ill. 253; *Field* v. *Herrick*, 5 Ill. App. 57; *Muller* v. *Benner*, 69 Ill. 108; *Strawn* v. *Strawn*, 50 id. 261.

The parol evidence tending to impeach or vary the written agreements was inadmissible.  Starkie on Evid., *648; Story's Eq. Jur., sec. 1531; *Chapman* v. *McGrew*, 20 Ill. 101; *Barnett* v. *Barnes*, 73 id. 216; *Strehl* v. *D'Evers*, 66 id. 77; *Winnescheik Ins. Co.* v. *Holzgrafe*, 53 id. 522; *Bradshaw* v. *Combs*, 102 id. 428.

If a widow accepts a lease of land of which she is dowable, her right to dower therein is held to be suspended during the continuance of the term.  2 H. 4, 7; 6 H. 4, 7.

The doctrine that a tenant can not deny the title of his landlord is too fundamental for discussion.

"The creation of the complete relation of landlord and tenant has the effect in law to estop the tenant from denying the title which he has admitted to exist in the landlord."  Bigelow on Estoppel, ch. xiv.

"The rule is well settled that the tenant is not allowed to dispute his landlord's title after having accepted possession under him."  Taylor on L. & T., sec. 629.

"If the tenant desires to assert title in himself or another, he must surrender possession of the premises."  *Littleton* v. *Clayton*, 77 Ala. 571.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

By section 1, of the Dower act (chap. 41, R. S.), the plaintiff in error was endowed of one-third of the lands of which his wife died seized, for and during his natural life.

This is conceded, and the question presented is, whether, by the acceptance of the lease of the guardian of the minor, owner of the fee, his right to assert dower has been suspended during the term thereby created. The legislature having abolished tenancy by the curtesy, and conferred upon the husband the right of dower in his wife's lands, in general terms, and without the use of words showing an intention to enlarge the right of the husband beyond that granted to the wife, it is to be presumed that the same right was intended to be conferred upon each. The language of the statute is, that "the estate of curtesy is hereby abolished, and the surviving husband or wife shall be endowed of the third part of all the lands whereof the deceased husband or wife was seized of an estate of inheritance," etc. And it is also to be presumed, that the dower right, intended to be conferred, was such as had previously existed in this State in favor of widows of deceased owners of lands. The right of dower in the wife was an inchoate expectancy during coverture, maturing, upon the death of the husband, into a right of action, to have admeasured to her dower in the lands of which he had been seized, and to which her dower had not been released. After the death of the husband, and before assignment, the right rested in action merely, was not an estate in the land, nor did it give the dowress a right of entry. *Blain* v. *Harrison*, 11 Ill. 384; *Hoots* v. *Graham*, 23 id. 81; *Reynolds* v. *McCurry*, 100 id. 356; *Kauffman* v. *Peacock*, 115 id. 212; *Best et al.* v. *Jenks et al.*, 123 id. 447; *Walker* v. *Doane*, 131 id. 27; 1 Lomax Dig., 92.

It could exist only in the person upon whom it was cast by operation of law, could be released so as to unite with the fee, but was not subject to alienation. *Summers* v. *Babb*, 13 Ill. 483; *Chicago Dock Co.* v. *Kinsey*, 49 id. 289; *Hart* v. *Burch*, 130 id. 426.

We are of opinion, that under the statute the right of the husband to dower in his wife's lands, before assignment, is

not an estate in the lands, but a right of action, to demand assignment of his dower. What is said on this point in *Crum* v. *Sawyer*, 132 Ill. 443, contrary to the view here expressed, was unnecessary to the decision of that case, and having been inadvertently said, is to be regarded as inaccurate. But it was properly held in that case that the husband being *sui juris*, and the right of dower conferred by the statute not having been trammeled, or hedged about, by rules of law growing out of the disability of married women at common law, no reason exists why he may not release his inchoate expectancy, or his right of action for dower, or bar recovery in respect thereof, as he might release or bar any other expectancy or right. And it would necessarily follow, that the husband would be barred of his right to assert dower, in the lands of his deceased wife, by any act or conduct that would estop him from the assertion of any other right.

While the tenant may be permitted to show that the title of his landlord has determined, the rule, that he will not be permitted to dispute the title under which he enters, is too familiar to require citation of authorities. Here the plaintiff in error, not being entitled to enter by virtue of his claim of dower, as we have seen, entered under a lease of the entire lot for a term ending with the minority of the ward, April 29, 1901. He, by his indenture, covenanted to pay the full rent stipulated, in quarterly installments, and to erect upon the premises a four-story building, costing not less than $40,000; to keep the premises in repair, pay taxes and water rates, etc., and for a failure to keep said covenants, or to pay said rents, or any part thereof, as stipulated, covenanted for the right of re-entry by the landlord, and bound himself to surrender the demised premises, etc., at the end of the term. In this case, unlike the condition that would arise from the mere acceptance of a deed poll, where no right remained in the grantor and no duty remained to be performed toward him under the deed, the

covenants and obligations are, by the indenture, reciprocal and mutual. *Foster* v. *Dwinel,* 49 Me. 44; *Williston* v. *Walkins,* 3 Pet. 47; *Doe* v. *Barton,* 11 Ad. & E., 307.

"If the lease be made by deed indented, then are both parties concluded; but if it be by deed poll the lessee is not estopped to say that the lessor had nothing at the time the lease was made." Coke's Litt., 47b. So, "if a man take a lease of his own land by deed indented reserving a rent, the lessor is concluded." Id.; id. 363b; Herm. on Estop. and Res. Jud., 590, 591.

It will be unnecessary to pursue this branch of the discussion farther, for the reason that it is not necessary to determine the case upon the distinction between dower right of husband under the statute, and that of widow at common law. After the death of a husband, the widow is *sui juris,* and the doctrine of estoppel applies to her acts, as to those of other persons. Am. & Eng. Enc. of L., "Dower;" 1 Wash. on R. Prop., *205; Scrib. on Dow., ch. xi, sec. 39, and cases cited.

As said by Chancellor Kent, in *Jones* v. *Powell,* 6 Johns. Ch., 194: "There is no reason why a widow, who is a free and competent moral agent, should not have the capacity to agree to any fair arrangement, which convenience or prudence dictated, by which her dower should be extinguished." It is said, in Tiedeman on Real Property, sec. 130: "After the death of the husband the widow may, by acts which are sufficient to work an estoppel in ordinary cases, bar her right of dower, without any formal release."

We have been referred to no case, decided in this country, where the effect of the acceptance of a lease by a dowress, of the premises out of which dower is demanded, has arisen or been determined.

We need not review the authorities to show, that the widow is held to be *sui juris* and capable of binding herself by contract, or to determine what unequivocal acts of the dowress have been held generally sufficient to estop her from claiming dower.

The very exhaustive and able research of counsel has failed to discover a single case, or text writer who has treated upon the particular subject, announcing a rule contrary to that laid down by English and American text writers, based upon early English decisions. The text writers, so far as they treat of the subject, are all one way, and the dearth of decided cases would seem to indicate acquiescence in the doctrine of those early cases. We find in Perkins, sec. 350, first printed in 1532 (translation and notes by Greening, 1827,) it is stated: "If a man seized of Blackacre in fee, take a wife and die, and the wife accept a lease for life of Blackacre, she can not demand dower of the same; for if she demand it she must demand it against herself." The author then puts a query as to the effect of taking a lease for years. In Viner's Abridgt. (2nd ed.), tit. Dower, 243, pl. 3, it is said: "The heir of the husband makes a lease for years of the land to the wife after the husband's death, now during this lease dower is suspended." Citing Jenk. 73, pl. 38. So in Bacon's Abridgment, tit. Dower (F. p. 382), it is said: "And if she take a lease for years only, yet she shall not sue to have her dower during these years, because it was her own act to suspend the fruit and effect of her dower during that time." Citing Perkins, 350; F. N. B. (Fitzherbert's Natura Brevium), 146; Moore, 103. So in Park on Dower, page 214, it is said: "So where a widow accepts a chattel interest in the lands of which she is dowable, her right to be endowed is held to be suspended during the continuance of the chattel interest. As where, after the death of the husband, the widow accepts a lease for years of her husband's lands from the heir, during this lease her dower is suspended." Citing Jenk. Cent., 2 Ca. 38; F. N. B. 149 e. See, also, Lambert on Dower, p. 80; Roper on Hus. & W., 562; Bright on Hus. & W., 542; Bell on Prop. Hus. & W., *384; and also Scribner on Dower, ch. xi, secs. 16, 17 and 18, where the subject is discussed and authorities

collated.    The cases referred to, and upon which the doc-
trine seems to be predicated, are 2 H. 4, folio 7, pl. 30, and
6 H. 5, folio 7, pl. 32 (Year Books).    Br. Cases, 372, and
Plowden, 417 (*Bracebridge's* Case,) are also cited in Jenk.
Cent., 2 Ca. 38.    These cases have been accepted by text
writers as establishing the doctrine indicated, and, so far as
we have been enabled to examine them, sustain the rule.

It is insisted, however, that the estoppel can not apply,
because there was not here a leasing of the whole estate,
there being a separate lot not included in the lease.    And
that, as under our statute it is not necessary to assign dower
in each tract, but it may be assigned in one or more tracts
of land for all, the court erred in not assigning, out of the
portion not leased, dower in all the lands.    This is, we
think, a misapprehension.    The acceptance of the lease, if
for the life of the dowress, operated as a bar ; if for years,
as a suspension of the right of action during the term in the
premises leased.    If less than the whole estate was included
in the term, she was endowable out of the residue only.    1
Roper on Hus. and W., 562.    And she was estopped *pro
tanto* from asserting dower in the premises demised.    More-
over, the bill does not seek to have dower assigned in the
one tract for the other, but the frame and prayer are for
an apportionment of the rents reserved in the lease.    The
court properly found that plaintiff in error had a right to
demand dower in the premises not included in the lease,
and awarded the same accordingly.

It is also insisted, that the leasehold estate *eo instanti,*
upon its creation, became *pro tanto* merged in the dower.
It is not necessary to determine what would have been the
effect had dower been assigned, so as to vest an estate for
life therein in plaintiff in error, for the reason that it had
not been assigned, and could not, if the right of action is
suspended by the acceptance of the lease, become an in-
terest in the land during the continuance of the term, but
must remain a mere right of action, incapable of enforce-

ment, until the termination of the leasehold estate. It is clear, therefore, that there is no estate or interest in the land, in plaintiff in error, in which the estate for years could be merged.

It is also urged, that the ward is estopped from interposing the making and acceptance of the lease, to prevent the recovery of dower, by the parol understanding and agreement antecedent to its execution and acceptance, that the plaintiff in error might proceed and have dower assigned in the demised premises in the then pending proceeding. Evidence of parol agreements and understandings antecedent to or cotemporaneous with the execution of an instrument under seal, is not admissible to vary the terms of the written instrument. Starkie on Ev., *648; *Barnett* v. *Barnes,* 73 Ill. 216; *Winnesheik Ins. Co.* v. *Holzgrafe,* 53 id. 522; *Strehl* v. *D'Evers,* 66 id. 77; *Loach* v. *Farnum,* 90 id. 368; *Gable* v. *Weatherholt,* 116 id. 313; *Nelson* v. *Dean,* 74 N. Y. 531.

It is sought to avoid the effect of this rule, by saying that the purpose of the testimony is not to alter the terms of the instrument, but to show that the rent was to be apportioned. It is manifest that the effect would be, if counsel are correct in their assumption of what it establishes, to change the covenant of the plaintiff to pay rent. What is sought, is to avoid the force and effect of the covenant to pay $4,500.00 per annum, and so modify it that it shall, in effect, be a covenant to pay $3,000.00 per annum only. But it is argued by counsel, that the effect of the parol agreement sought to be proved should be treated as an assignment of dower by the guardian, that is, as an apportionment of $1,500.00 of the rent to the dower. Whatever may be the rule elsewhere, it is well settled in this State, as indeed it must be held under the statute, that the guardian has no power to assign dower. *Bonner* v. *Peterson,* 44 Ill. 253; *Strawn* v. *Strawn,* 50 id. 261; *Muller* v. *Benner,* 69 id. 108. There is here no pretense, that the minor owner in

fee made any agreement or attempt to assign dower, and the discussion, therefore, of whether the minor is competent to assign, is unimportant.   Any attempt on the part of the guardian to assign dower, or to apportion the rents, was absolutely void.

But it is further insisted, that but for the parol agreement with the guardian, that the rent to be paid was $3,000.00 only, and the execution of the lease containing the covenant to pay $4,500.00 to the guardian, as rent, should in no way operate to prevent the recovery of dower, and the apportionment of the $4,500.00 of rent accordingly, plaintiff in error would not have made or executed the lease.   And its execution by plaintiff in error having been induced by such parol agreement and understanding, and he having accepted it in reliance thereon, its interposition as a defense, in violation of such parol agreement, will operate as a fraud upon him, and evidence of the parol agreement and understanding is, therefore, admissible to estop the defendants from setting up the lease to defeat recovery of dower.   And also it is insisted, that the parol evidence is admissible to show that the guardian and minor are using the lease for a purpose other and different from that intended by the parties at the time of its execution. That evidence of parol agreement may be competent for such purposes, in proper cases, may be conceded, but we are of opinion that the rule laid down in the cases cited by counsel can have no application here.   The power of the guardian over the real estate of his ward is confined to its leasing, maintenance and repair, under the direction of the Probate Court.   Cases *supra,* and *Field* v. *Herrick,* 5 Ill. App. 57, opinion by McAllister, J.   It is alleged, and the evidence shows, that the Probate Court refused to allow the guardian to make any contract of leasing, which recognized any right or interest of plaintiff in error in or to this property, of which plaintiff in error had actual notice.   He was bound to know, and is presumed to have known, that any

other agreement or stipulation, than that included in the writing executed, was made by the guardian without any legal authority to bind his ward's estate. It can not be contended that the ward can be estopped by the void act of the guardian, at the instance of a party who had notice that the guardian was acting without the authority of law. We are of opinion that plaintiff in error, by the execution and acceptance of the lease, is estopped from asserting dower in the demised premises, until the termination of the estate for years thereby created.

It is next urged, that the court erred in assigning dower to plaintiff in error out of the rents and profits of sub-lot five (5) in Philo Carpenter's sub-division, etc., before mentioned, without first having appointed commissioners to make the allotment. The contention is, that, as a condition precedent to the power of the court to award dower out of the income, or rents and profits of the land, there must be a report of commissioners, appointed in pursuance of section 34 of the Dower act; that dower can not be allotted and set off consistently with the interests of the estate. This is, we think, a misapprehension of the statute.

Section 39 provides: "When the estate out of which dower is to be assigned consists of a mill, or other tenement which can not be divided without damage to the whole, and in all cases where the estate can not be divided without great injury thereto, the dower may be assigned of the rents, issues and profits thereof, to be had and received by the person entitled thereto as tenant in common with the owner of the estate," or the yearly value of the dower may be ascertained by a jury, and decree entered requiring payment of the same, etc. The uniform construction of this statute, so far as we are aware, has been, that in respect of the property designated, that is, a mill or other tenement which cannot be divided without damage to the whole, the 39th section created an exception out of the practice contemplated by the 34th section. Dower, by the common

law and by our statute, is required to be of one-third part in value of the lands and tenements of which the widow (or surviving husband) is dowable, to be set out by metes and bounds when practicable. But, when either the condition of the title out of which the dower arises, or the physical condition of the estate, renders the setting out of the dower by metes and bounds impracticable, dower was, and is under our statute, to be allotted out of the use, rents, issues or profits. Scrib. on Dower, 74; *Hart* v. *Burch*, *supra.* Where the court finds that the premises out of which allotment of dower is demanded is "a mill, or other tenement which can not be divided without damage to the whole," the appointment of commissioners would be useless, and an unnecessary expense. And in such cases we are of opinion that the statute contemplates a finding of the fact by the court, and thereupon to assign dower conformably to the provisions of section 39. The court having found from the evidence that said lot five (5) was occupied by a residence building, known as No. 51 Ashland avenue, Chicago, and "that the same can not be divided without damage to the whole, and without great injury to said premises," properly assigned dower of the rents, issues and profits, to be received by the tenant in common with the owner of the fee.

Finding no substantial error in the record, the judgment of the Superior Court is affirmed.

*Judgment affirmed.*