JOHN H. TEDENS AND ANDREW C. DYSTRUP, COPARTNERS,
DOING BUSINESS AS TEDENS & DYSTRUP

*v.*

THE STATE OF ILLINOIS.

*Opinion filed October 2, 1902.*

1. LANDLORD AND TENANT—*tenant cannot dispute title of landlord.*
And if the real owner is threatened with suit from one who has
no title whatever, and he should recognize the title of the adverse
claimant, and enter into a lease, and accept possession under same
and pay rent under said lease, he could not afterwards dispute the
title of the other party and recover the rent paid.

2. SAME—*cannot set up better title in himself or third person.* A
tenant cannot set up a better title in himself or in a third person.

The claim in this case was filed with the Auditor of
Public Accounts on the 6th day of March, A. D. 1902, to
the August term of the Commission, A. D. 1902, by John
H. Tedens and Andrew Dystrup, partners doing business
under the firm name of Tedens & Dystrup, against the
State of Illinois, for the recovery of $600 rent claimed to
have been unlawfully collected by the Canal Commis-
sioners of the State of Illinois.

The claim grows out of a certain lease executed by the
Canal Commissioners to John H. Tedens, (who is the
father of John H. Tedens, claimant), and John Thor-
mahlen late partners who did business under the firm
name of J. H. Tedens & Co.

Said lease was for the following lands to-wit:   All
the right the State of Illinois possesses to that portion
of the reserved ninety feet strip lying on the berm or
south side of the Canal in Section twenty (20) in town-
ship No. thirty-seven (37), range eleven (11), East, de-
scribed as follows:  Commencing at the West side of
what is known as Stevens street in the village of Le-
mont, Cook county, Illinois, and extending in a south-
westerly direction down the canal for a distance of 280
feet, constituting a frontage of ninety feet on said
Stevens street and a depth 280 feet along said canal.

The annual rent agreed upon was $150, payable in advance. It was provided in said lease that upon default in payment of the said rent, the parties of the second part, John H. Tedens & Co., should surrender said premises to the board of Canal Commissioners.

Said lease also provided that the said land was to be used for mercantile and dwelling house purposes. The lease also contained a stipulation that the lessees would not re-let said tract of land or any part thereof without the consent in writing of the said party of the first part, the Canal Commissioners.

Said lease contained the further agreement, that if at any time within five years from date thereof, it should be determined by the courts of last resort that the ninety feet strip therein described is not under the control of the Board of Canal Commissioners of the State of Illinois then and in that event the rents that may have been paid by the said J. H. Tedens & Co., should be refunded to them or to their successors or assigns by the State of Illinois through its Board of Canal Commissioners.

Said lease under seal, signed by the Board of Canal Commissioners, by its president and secretary and by John H. Tedens and John Thormahlen.

It appears from the evidence that John H. Tedens & Co. were in possession of said premises and that they paid rents thereon, under said lease for two years.

It further appears that John H. Tedens & Co. made a voluntary assignment to Frank Welch as assignee, for the benefit of their creditors, on the 10th day of November, A. D. 1898, thereby conveying to said assignees, all of their property, real, personal and mixed. And on or about the 20th of December, 1898, John H. Tedens Sr., died.

The said John H. Tedens & Co. were engaged in the general mercantile business and their store was located on the premises joining the leased premises, and they erected a warehouse on the premises leased from the Canal Commissioners.

On January the 23d, 1899, Frank Welch as assignee,

sold the stock of goods to John H. Tedens, jr., and Andrew C. Dystrup, partners, etc., and leased them the premises occupied by the storehouse and also the leased premises.

On February 2, 1899, a petition was filed in bankruptcy, by the creditors of the said J. H. Tedens & Co., in the United States District Court for the Northern District of Illinois, against John Thormahlen, surviving partner of John H. Tedens & Co., and he was adjudged a bankrupt, and at the first meeting of creditors the said Frank W. Welch was selected and appointed trustee of said estate.

On September 5, 1899, the Canal Commissioners made demand on the trustee for payment of $300 being two years rent then in arrears under said lease.

The trustee refused payment, as he claimed, on the ground that the matter was then in controversy in the suit of Werling v. Ingersoll, then pending in the Supreme Court of the State of Illinois.

The Canal Commissioners filed an intervening petition in the bankruptcy proceeding in the United States Court, and procured an order on the 6th day of September, 1899, that said trustee pay to the Canal Commissioners the said sum of $300, it being also agreed by the Canal Commissioners that if the said trustee paid to them the said sum of $300 rent then due, and paid the subsequent amounts as they fell due while said lease was in his hands, that they would agree that the said trustee should assign the said lease to any one to whom he should sell the same. And on the same day said trustee in compliance with said order paid to the said Canal Commissioners, the said sum of three hundred dollars the rent then due.

On the 12th of December, 1899, an order was entered authorizing the trustee to offer for sale the store premises of Tedens & Co.

And on the 22d day of December, the said trustee was ordered by the said U. S. District Court to convey said

store premises to the said Tedens & Dystrup. And on the 16th day of January, 1900, the said Frank W. Welch as such trustee conveyed the said store premises to the said Tedens & Dystrup.

And on November the 26th, 1900, the said trustee assigned and delivered to the said Tedens & Dystrup the lease above described, executed by the said Canal Commissioners to the said J. H. Tedens & Co., being the same parties to whom said trustee had sold the store premises.

On the following day, the 27th of November, A. D. 1900, the said trustee procured an order authorizing him to sell at public sale all the desperate notes, accounts and judgments of said estate of J. H. Tedens & Co., and on the 14th of December, 1900, pursuant to said order the trustee sold all of the desperate assets, among which is claimed a $450 conditional claim against the Canal Commissioners, was sold, to one Archibald D. Brown, and on the same day the said Frank W. Welch as such trustee by his deed of assignment assigned and delivered all of the said desperate accounts of the estate of the said J. H. Tedens & Co., amounting to the sum of $55,600.53 to the said Archibald D. Brown, for the sum of $250.00.

On the 21st day of January, A. D. 1901, the said Archibald D. Brown sold and assigned the entire list of desperate assets, which he had purchased to the said Tedens & Dystrup for the sum of $275.

Claimants now insist that it has been decided by the courts of last resort that the State of Illinois had no right to the control of the said leased premises, and that as they have purchased the said conditional demand against said Canal Commissioners that they are entitled to recover the amount of money which has been paid as rent for the said leased property, both by the said J. H. Tedens & Co., and by the said Frank W. Welch as trustee.

It is insisted by claimant that they are entitled to recover upon two grounds. First, under the provisions of the contract, providing that the Canal Commissioners

would refund all moneys paid as rent if it should be decided by the courts of last resort, within five years from the execution of said contract that the said Canal Commissioners had no right to the control of the said premises, mentioned in said lease. Second, that the claimants are entitled to recover upon the ground that the State of Illinois, through its Canal Commissioners have collected money, which it was not lawfully entitled to, and that therefore, the State should refund it to the claimants as the assignees of said claim.

It is claimed by the defense that the said J. H. Tedens & Co., having accepted a lease of the said premises and made themselves the tenants of the State, are estopped from denying the title of the State, their landlord. And the evidence showing that the claimants in this case, have accepted an assignment of the said lease from the said Frank W. Welch, as trustee in bankruptcy, of the said estate of J. H. Tedens & Co., they are also estopped from questioning the title of the State, which is also their landlord, by reason of their having accepted an assignment of the said lease and going into the possession of the said property under the trustee of said estate of J. H. Tedens & Co. The defense also contend that the courts of last resort have not decided that the State of Illinois is not entitled to the possession of the said property, within the provisions of the said contract.

No principle of law is better settled, than that the tenant can not dispute the title of his landlord and if the real owner is threatened with suit from one who has no title whatever, and he should recognize the title of the adverse claimant, and enter into a lease, and accept possession under same and pay rent under said lease, he could not afterwards dispute the title of the other party and recover the rent paid.

*Heisen* v. *Heisen,* 145 Ill., 658.

It has been decided by our Supreme Court, that the tenant can not set up a better title in himself or in a third person.

*Sexton* v. *Carley,* 147 Ill., 269.

The said John H. Tedens and John Thormahlen having recognized the right of the State, by accepting a lease from them and holding possession under the same and paying rent to the Canal Commissioners, were clearly estopped from questioning the title of the State, or seeking to have the rent paid by them refunded, unless they can do so under the provisions of said lease.

Have the claimants made out a case under the contract conditions of the lease? Two things must be proved by the claimants to make out a case: First: They must prove that it has been decided by the courts of last resort that the State of Illinois has no title to or right to the control of the premises mentioned in the lease. Second, This decision of the courts of last resort, deciding that the State has no right to the control of the said premises, must be rendered by such court of last resort within five years from the execution of the contract.

It is not contended by the claimants that there has been any decision of any court with reference to the title to the land in question, but it is claimed that the case of Werling v. Ingersoll although brought to test the title to land in a different county from the land in question, was in fact decisive of the title to the land mentioned in the case at bar.

While we are of the opinion that the claimants might prove that the courts of last resort had held that the State of Illinois had no right to the control of the land in question by a decision of said court, in a case other than in a case between the said John H. Tedens & Co. and the Canal Commissioners, brought for the purpose of testing the title to the said premises, yet if they rely upon a decision in another case, they must prove that the facts and conditions of each case are substantially the same, that the State claims title from the same source that was claimed in the case of Werling v. Ingersoll, and that the State has no other title.

While it may be true that the State claims title under the Statute of 1822, the same as in the case of Werling

v..Ingersoll, 182 Ill., 25 and 181 U. S. 131, still claimants have not proven this fact, and the Commission are not permitted to presume any part of their case. In the case of Werling v. Ingersol, the court in the opinion says, that it is proven that the land in question is not in a section taken by the State under the Statute of 1827. Also in the case of the *City of Chicago* v. *McGraw*, 75 Ill., 566, it was also stated that it was proven on the trial that the premises in question were in a section reserved to the United States. Claimants have not proved that the premises in question are not in a section belonging to the State of Illinois under the act of 1827. In fact no evidence was offered upon this question, but it was insisted upon the argument that the mere fact that the government had sold a portion of the land in section twenty, township thirty-seven north range eleven east, that this fact proved that this was not one of the sections granted to the State of Illinois. But the fact that the government frequently has sold from the same tract twice, and it has been decided by the courts that where this happens, that the first grant controls and takes title, would indicate that this fact would not be sufficient proof of the fact that this was not one of the sections belonging to the State.

In fact claimants have not shown that the title claimed by the State may not be other and different from the act of 1822, or the act of 1827.

The Commission are also of the opinion that the claimants have failed to prove the second proposition, that the title was decided against the State by the courts of last resort within five years from the time of the execution of the lease in question.

The lease was executed on the 15th day of April, A. D. 1895, and the suit was decided in the Supreme Court of the United States on the fifteenth day of April, A. D. 1901, just six years after the execution of the lease. If the decision of the United States Court was intended by the "Courts of last resort," then claimants could not recover under their contract or lease for the reason that

the time had expired in which they were permitted to recover under the provisions of the lease.

It is claimed that the case of Werling v. Ingersol, 182 Ill., 25, decided the question in this case and that it was decided on the 19th of October, A. D. 1899, which was less than five years from the time of the execution of the lease in question.

The Commission are of the opinion that the opinion of the United States Court, was the court of last resort within the meaning of the lease. It can not be claimed that the case of Werling v. Ingersol, 182 Ill., 25, was the decision referred to by the lease, for the reason, that the same questions which were decided by it had long before been decided by the same court in the case of the City of Chicago v. McGraw, 75 Ill., 566. This case was decided in 1874, which was several years before the execution of the lease in question so it could clearly not have been the decision intended by the lease. In the case of Werling v. Ingersol, 182 Ill., 25, the court does not discuss the reasons for the holding but simply says, "We refer to that case (meaning City of Chicago v. McGraw, 75 Ill., 566), for the reasons given in support of this conclusion so reached. It is unnecessary to repeat those reasons here."

If the State had no other title to the premises in the lease to J. H. Tedens & Co. than the rights given under the Statute of 1822, then clearly they intended some other decision than by the Supreme Court of the State of Illinois, for the Supreme Court of the State of Illinois had held long before the execution of the lease to Tedens & Co. that the State of Illinois acquired no title to the ninety feet strip along the Canal under said statute. So if it should be admitted that the State had no other title than under this Statute of 1822, it must clearly follow, that the parties at the time of making the lease, and referring to a decision of the question by the courts of last resort, within five years from the execution of the

lease, intended to mean the decision of the United States Court.

The Commission is of the opinion that claimants have failed to make out a case, and the claim is rejected.